THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF TREGO v. W. F. CROSS.

No. 13,998.   (79 Pac. 1084.)

SYLLABUS BY THE COURT.

HIGHWAYS—*Approval and Filing of Appeal Bond.*  In order that an appeal bond given under sections 1640 and 1641 of the General Statutes of 1901 may be valid the security must be approved by the clerk of the board of county commissioners, and the bond must be filed with him. An approval by the clerk of the district court, and a filing of the bond with him by the appellant, are insufficient.

Error from Trego district court; JAMES H. REEDER, judge.  Opinion filed March 11, 1905.  Reversed.

*I. T. Purcell, Lee Monroe,* and *W. F. Schoch,* for plaintiff in error.

*W. E. Saum,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.:  A landowner attempted to appeal from the rejection by the board of county commissioners of his claim for damages arising from the location of a highway through his premises.  He neglected to avail himself of the right to appeal as from the decision of a justice of the peace, given by section 6022 of the General Statutes of 1901, and, hence, was obliged to rely upon sections 1640 and 1641, which read as follow:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant.

"The clerk of the board, upon such appeal being taken, shall immediately give notice thereof to the county attorney, and shall make out a brief return of the proceedings in the case before the board, with their decision thereon, and shall file the same, together with the bond and all the papers in the case in his possession, with the clerk of the district court; and such appeal shall be entered, tried and determined the same as appeals from justices' courts, and costs shall be awarded thereon in like manner."

Instead of following these statutory directions the appellant took his bond to the clerk of the district court, had him approve the security, and filed it with him. The district court took jurisdiction of the appeal, against the seasonable protest of the county, and after a trial awarded damages against it. In so doing the district court committed error.

The legislature desired to prohibit irresponsible appeals, and undertook to secure the payment of all costs which might be awarded against the appellant. The opinion of some trusted officer upon the sufficiency of the proposed security was necessary in order to obtain the protection desired. The matter might have been committed to the board of county commissioners, to the clerk of the district court, to the judge of the district court, or to some other official, but the statute assigns the duty to the clerk of the county board. The judgment of no other person will suffice.

"When one person or class of persons is named

in a power of attorney, or an act of the lawmaking power, as being authorized to do a certain thing therein named, all other persons are thereby excluded from doing the same thing as effectually as if they were positively forbidden." (*The United States v. Lewis L. Weld,* 1 McC. [Kan.] 185, 192.)

Therefore, the approval of the bond in question by the clerk of the district court was of no more effect than an approval by a notary public or the postmaster of the county-seat would have been, and because it was unapproved it was invalid. (Ell. App. Proc. §369.)

"An appeal security is valid without approval by a court or judge, unless a statute so requires. Where approval is required the statute is mandatory, and the appeal bond is invalid on objection where unapproved. Such a statute vests in the official designated to approve the bond a judicial, not a ministerial, power. It cannot, accordingly, be delegated to any other authority than that named in the statute." (1 Encyc. Pl. & Pr. 1007.)

Besides, the statute contemplates that the bond shall be delivered to the clerk of the county board. It is his duty to keep the seals, records and papers of the board. (Gen. Stat. 1901, §1659.) The bond must be executed to the county, and belongs to the county. During the time necessarily consumed in giving notice to the county attorney of the appeal, and making up a return of the proceedings in the case and of the decision of the board, the bond must remain in the custody of the clerk, and when this return and other papers in his possession are transmitted to the district court he files them, together with the bond, with the clerk of that tribunal.

Delivery is essential to the validity of an appeal bond. (1 Encyc. Pl. & Pr. 977; 2 Cyc. 917.) Since the bond in this case never came into the custody of the officer who alone could accept it, it was ineffective to accomplish the purpose for which it was prepared.

The county did nothing to estop itself from impeaching the validity of the bond, and the subsequent efforts disclosed on the part of the appellant to cure the omissions referred to were unavailing.

The judgment of the district court is reversed, with the direction that the appeal be dismissed.

All the Justices concurring.