No. 37,205

JOE H. APPLEBY, S. H. HELLING, and ROBERT E. DAVENPORT, *Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JOHNSON, GEORGE RUSSELL, L. R. PENNER, and H. M. BECKETT, *Appellants*.

Opinion filed March 5, 1949.

*John Anderson, Jr.,* county attorney, argued the cause, and *John W. Brey-fogle, Jr.,* of Olathe, special counsel, was with him on the briefs for the appellants.

*Howard E. Payne,* of Olathe, was on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was an action authorized by G. S. 1947 Supp. 19-2913, to set aside as unreasonable an order of defendants rezoning from residence district to retail-business district lots 9, 10 and 11, Santa Fe Trails Lands, a subdivision in Johnson county. Defendants have appealed from an order overruling their demurrer to plaintiffs' evidence.

The record indicates that, proceeding under chapter 165, Laws of 1939, as amended (now G. S. 1947 Supp. 19-2901 to 19-2913, incl.), Mission township, in Johnson county, had been zoned for residence and different types of business purposes, the lots above described having at that time been zoned for residence purposes. Later an application was made to the zoning board to rezone the above described lots from residence use to retail-business use. The zoning board consisted of seven members. One of them absented himself because of interest. The other six were equally divided, and for a lack of majority in favor of the petition it was denied. The petition was duly presented to the board of county commissioners, which, after notice and hearing, unanimously approved the application to rezone the property. This action followed.

Two legal questions are presented for our determination and our opinion is, of course, limited to them. Appellees argue that defendants, having performed their duty in passing upon the matter, they have no further interest in the question and therefore are not entitled to appeal. The point is not well taken. The statute providing for this action reads:

"That any and all acts and regulations provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act or regulation determined by bringing an action against the county commissioners in the district court in the county in which any such township is situated." (G. S. 1947 Supp. 19-2913.)

It will be noticed that it does not set out the procedure to be used in the district court. It simply authorizes bringing an action in the district court. Certainly, if defendants were sued they had a right to defend. In doing so they had a right to file a demurrer to plain-

tiffs' evidence. (G. S. 1935, 60-2909, *Third;* 60-2929.) The ruling on the demurrer is a separable, appealable order. (G. S. 1935, 60-3302, *Second,* last clause.) We think defendants had a right to appeal from the order overruling their demurrer.

Appellants contend that the evidence offered on behalf of plaintiffs was insufficient to establish a cause of action. It must be remembered that in passing upon a demurrer to evidence the court has no authority to weigh the evidence, but must consider such evidence in the light most favorable to the plaintiff. (*Hill v. Southern Kansas Stage Lines Co.,* 143 Kan. 44, 53 P. 2d 923; *Robinson v. Short,* 148 Kan. 134, 79 P. 2d 903; *In re Estate of Bond,* 158 Kan. 776, 150 P. 2d 343.) We see no occasion to set out the evidence in this opinion. We have carefully examined all of it which has been abstracted. While there is no evidence tending to show that defendants acted arbitrarily or capriciously, there is evidence tending to show the unreasonableness of the order. We think it was appropriate for the trial court to overrule the demurrer and hear any evidence which might be presented and thereby be in a position to weigh all of the evidence and to reach a proper conclusion therefrom.

The judgment of the trial court is affirmed.

ARN, J., not participating.