(605 P.2d 156)
No. 50,269

FRANK E. BOLSER and MABLE M. BOLSER, husband and wife, *Appellants,* v. ZONING BOARD FOR AUBRY TOWNSHIP, KANSAS; and THE BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Appellees.*

Opinion filed January 18, 1980.

*Eugene F. Gastl* and *D. William Provance,* of Shawnee, for the appellants.

*Lyndus A. Henry,* of Olathe, for appellee Board of County Commissioners of Johnson County.

*Ernest C. Ballweg,* of Prairie Village, for appellee Zoning Board for Aubry Township.

Before FOTH, C.J., SPENCER and PARKS, JJ.

SPENCER, J.: This is an action by plaintiffs to determine the reasonableness of action taken by defendants in rezoning a portion of plaintiffs' property. The trial court sustained defendants' motion for summary judgment for the reason that plaintiffs' petition was not filed within thirty days as required by K.S.A. 60-2101(*a*) [now 1979 Supp. 60-2101(*d*)]. Whether such was proper is the sole issue on appeal.

Plaintiffs filed their petition on October 8, 1974, wherein they alleged that they were owners of certain land located in Aubry Township in Johnson County; that the Zoning Board for Aubry Township recommended to the Board of County Commissioners of Johnson County that plaintiffs' land be rezoned, which recommendation was adopted on April 11, 1974; and that the acts of defendants in doing so were unreasonable, arbitrary, capricious, and should be set aside.

Defendants argue that plaintiffs' action was merely an "attempted appeal" and was therefore governed by either K.S.A. 19-223 or K.S.A. 1979 Supp. 60-2101(*d*), both of which require

filing a notice of appeal within thirty days of the challenged administrative action. Plaintiffs argue their action was brought pursuant to K.S.A. 19-2913 to contest the reasonableness of the decision to rezone the land; that 19-223 and 60-2101(*d*) are inapplicable to a direct action commenced pursuant to 19-2913; and that the time limit governing the commencement of such an action is the five-year limitation provided in K.S.A. 60-511(5). All are in agreement that the statutory authority under which defendants enacted zoning regulations affecting plaintiffs' land is contained in K.S.A. 19-2901 through 19-2913. K.S.A. 19-2913 provides:

"That any and all acts and regulations provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act or regulation determined by bringing an action against the county commissioners in the district court in the county in which such township is situated."

The trial court adopted defendants' argument and reasoned that K.S.A. 19-2913 merely provides the statutory right to have decisions of the zoning board and of the county commissioners reviewed by the district court, but that such may be accomplished only by way of appeal under K.S.A. 19-223 or K.S.A. 1979 Supp. 60-2101(*d*).

K.S.A. 1979 Supp. 60-2101(*d*) provides:

"A judgment rendered or final order made by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means of perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action."

This statute authorizes the review of decisions of administrative bodies which exercise quasi-judicial or judicial functions. It is an omnibus statute which authorizes review only if no special statute authorizes an appeal. *Brinson v. School District,* 223 Kan. 465, 576 P.2d 602 (1978); *Schulze v. Board of Education,* 221 Kan. 351, 559 P.2d 367 (1977).

Defendants correctly assert that the board of county commis-

sioners was exercising a quasi-judicial function in adjudicating an application to rezone plaintiffs' land. *Golden v. City of Overland Park,* 224 Kan. 591, 584 P.2d 130 (1978). However, 60-2101(*d*) may be utilized by an aggrieved party only if "no other means of perfecting such appeal is provided by law." This condition could not have been met in this instance. Plaintiffs could have perfected an appeal under the broad provisions of K.S.A. 19-223, which provides:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

Neither of the appeal statutes makes reference to K.S.A. 19-2913. Plaintiffs did not file notice of appeal or in any manner attempt to bring themselves within the provisions of either of those statutes. It is apparent this action was not an attempted appeal. Although the relief which plaintiffs seek to obtain may be identical to that which might have been available to them had they filed an appeal within time, it is equally apparent that their action seeking a determination of the reasonableness of the rezoning act is independent of both statutes and is one available to them under the provisions of K.S.A. 19-2913. The fact that such an independent cause of action exists has been recognized by our Supreme Court on numerous occasions. In *Appleby v. Board of County Comm'rs,* 166 Kan. 494, Syl. ¶ 1, 203 P.2d 224 (1949), it was held:

"In an action under G.S. 1947 Supp. 19-2913, the trial procedure is governed by our code of civil procedure. Defendants may defend the action, demur to plaintiffs' evidence and appeal if the demurrer is overruled."

In *Bodine v. City of Overland Park,* 198 Kan. 371, Syl. ¶ 1, 424 P.2d 513 (1967), the similarity of K.S.A. 12-712 to K.S.A. 19-2913 was noted and it was held:

"K.S.A. 12-712 provides that any ordinance or regulation authorized by the city planning and zoning act (K.S.A. ch. 12, art. 7) shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance or regulation determined by bringing an action, in the district court of the county in which such city is situated, against the governing body of said city."

It was there also stated:

"The statutory proceeding authorized by 12-712, *supra,* (and 19-2913, *supra*) is neither a trial *de novo* nor an appeal in the true sense of the word. When the trial court hears evidence anew in a case of this character, the proceeding resembles a trial *de novo,* but there the semblance ends.

"It is to be noted the statutes (12-712, *supra,* and 19-2913, *supra*) do not set out the procedure to be used in the district court in proceedings of this nature. In *Appleby v. Board of County Commissioners,* 166 Kan. 494, 203 P.2d 224, the court recognized this fact and held that the trial procedure is governed by our code of civil procedure; that the defendants may defend the action, demur to the plaintiffs' evidence and appeal if the demurrer is overruled. While the *Appleby* decision was made prior to the adoption of our new code of civil procedure the basic rule must be the same." 198 Kan. at 385-386.

Because this is a civil action governed by the code of civil procedure, it follows that the time within which the action must be commenced is as prescribed by K.S.A. 60-511, which provides:

"The following actions shall be brought within five (5) years:

. . .

"(5) An action for relief, other than the recovery of real property not provided for in this article."

We conclude that time limits for filing appeal as set forth in K.S.A. 19-223 and K.S.A. 1979 Supp. 60-2101(*d*) are not applicable to an action commenced pursuant to K.S.A. 19-2913; and that such is an independent action governed by the code of civil procedure and subject to the limitations prescribed by K.S.A. 60-511(5).

Although defendants concede that no cross-appeal has been filed, they contend the district court erred in failing to rule favorably on their motion to dismiss for failure to state a claim. The record does not reflect that the district court actually ruled on the motion. In any event, this issue is not properly before this court for review. K.S.A. 60-2103(*h*); *Vaughn v. Murray,* 214 Kan. 456, Syl. ¶ 5, 521 P.2d 262 (1974).

Reversed and remanded for further proceedings.