No. 52,997

In Re: The Appeal of the City of Lenexa to the Decision of the Board of County Commissioners of Johnson County, Kansas, Denying A Petition to Annex Certain Lands, Pursuant to K.S.A. 12-521.

Board of County Commissioners of Johnson County, *Appellant,* v. City of Lenexa, *Appellee.*

(640 P.2d 1212)

Opinion filed February 27, 1982.

*Bruce F. Landeck,* assistant county counselor, argued the cause, and *Lyndus A. Henry,* county counselor, was with him on the briefs for the appellant.

*Richard W. Byrum,* of Schnider, Shamberg & May, Chartered, of Shawnee Mission, and *Robert H. Freilich,* of Kansas City, Missouri, argued the cause, and were on the brief for the appellee.

*Leonard A. Hall,* assistant municipal counsel, was on the briefs for the intervenor, city of Olathe.

The opinion of the court was delivered by

PRAGER, J.: This controversy arose out of a dispute involving a proposed annexation of land by the city of Lenexa. The case is in the Supreme Court on an interlocutory appeal taken by the Board of County Commissioners of Johnson County from an order of the district court striking the board as a party to the action in the district court. For purposes of this appeal, the facts are not in dispute and are essentially as follows: On July 2, 1979, the city of Lenexa filed with the Board of County Commissioners of Johnson County a petition for authority to annex to the western limits of the city 12,800 acres of unincorporated territory covering an area of approximately 20 square miles. The petition was filed pursuant to K.S.A. 12-521. A notice of the time and place of the public hearing was published pursuant to the statute. There is no

dispute that the city of Lenexa substantially complied with the requirements of K.S.A. 12-521 in all matters of procedure. The board held a public hearing on the petition on September 4, 1979.

On September 19, 1979, the board denied Lenexa's petition for annexation. In its order, the board commented on its review of certain standards and factors, including but not limited to:

(1) Population density per square mile of the territory proposed to be annexed;

(2) future growth patterns of the area and the capability of planning thereof;

(3) drainage basins and concern for storm and sanitary sewers;

(4) conditions of roads;

(5) degree of platted and unplatted lands;

(6) extent of residential, business, commercial, and industrial development and other aspects of economic interaction;

(7) the urban or rural nature of the area;

(8) the effect of city expenses upon the area;

(9) the ability or inability to supply within a reasonable time for the extension of city service;

(10) the probability of consent annexations and other statutory annexations in the future; and

(11) the exhibits, maps, briefs, and documentation presented. The board in its order further found that the proposed territory sought to be annexed by Lenexa was under the planning jurisdictions of certain township zoning boards and Johnson County through the Johnson County Planning Commission; further that the proposed territory was within the corporate shadow of the cities of Lenexa and Olathe; further, that other annexation statutes (K.S.A. 12-520, 12-520a, 12-520b and 12-520c) provided the city of Lenexa adequate opportunity to proceed with orderly municipal growth as future residential, commercial, and industrial demands unfold and, further, that present zoning safeguards will be maintained so that the future of the municipalities and the county interests will not be jeopardized.

The board specifically found and concluded that the granting of Lenexa's petition would result in obvious impairment to the real estate involved in that the landowners would not share within a reasonable time the municipal services and benefits now afforded to the landowners in other portions of the municipality upon a footing of substantial equality, and that the granting of

Lenexa's petition would cause and result in manifest injury to the landowners of the proposed area sought to be annexed.

On October 16, 1979, the city of Lenexa filed a notice of appeal with the Johnson County Clerk pursuant to K.S.A. 12-521 and K.S.A. 19-223. On May 20, 1980, the city of Olathe filed a motion to intervene as a party in the action and was permitted to do so. On June 4, 1980, the city of Lenexa filed a motion to strike the board of county commissioners as a party from further proceedings. On July 7, 1980, Judge Charles A. Elliott denied the motion and ruled that the board of county commissioners was a proper party in the proceedings. On July 21, 1980, Judge Elliott resigned and was replaced by Judge Marion W. Chipman. On July 25, 1980, the city of Lenexa filed a motion for reconsideration and sought again to strike the board of county commissioners as a party in the action. On January 29, 1981, Judge Chipman sustained the motion for reconsideration and dismissed the board of county commissioners as a party from further proceedings in the district court. It should be noted that other preliminary matters were ruled on by the court, but these are not involved in the present appeal. On February 24, 1981, the district court granted the board's motion to taken an interlocutory appeal pursuant to K.S.A. 60-2102(*b*) certifying two issues for consideration by the appellate court:

(1) Whether the board of county commissioners is a proper party to an appeal taken by a city aggrieved by a quasi-judicial decision of the board of county commissioners pursuant to K.S.A. 12-521?

(2) Whether the statutory procedure contained in K.S.A. 12-521 for appealing to district court pursuant to K.S.A. 19-223 violates the rights of the landowners in the area under the due process clause of the Fourteenth Amendment to the United States Constitution and article 12, section 5 of the Kansas Constitution?

I. Is the board of county commissioners a proper party on an appeal by the city from a denial of annexation under K.S.A. 12-521?

Essentially, the issue involves the right of an administrative board to participate as a party in district court where an appeal is taken from its orders. A review of Kansas case law shows that the practice in this state with reference to appeals from various administrative boards has not been consistent. Our reported de-

cisions involving appeals from administrative agencies show that, in many instances, the administrative agency appeared and litigated as a party on the appeal, while in other instances it did not. On appeals by teachers from alleged discriminatory action by a school board, the unified school district customarily participates as a party in the appeal. *Stephens v. Unified School District,* 218 Kan. 220, 546 P.2d 197 (1975). Where an appeal is taken from an order of the Kansas Commission on Civil Rights, the commission customarily participates as a party in the district court. *Kansas Commission on Civil Rights v. City of Topeka Street Department,* 212 Kan. 398, 511 P.2d 253, *cert. denied* 414 U.S. 1066 (1973). *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 436 P.2d 828 (1968), involved the revocation of Foote's license to practice medicine and surgery. The revocation proceeding was heard and determined by the administrative board. The board participated fully as a party on appeal in the district court. There are many cases involving appeals from decisions of boards of county commissioners involving the rezoning of property where the board participated as a party in district court. See for example *Union Quarries, Inc. v. Board of County Commissioners,* 206 Kan. 268, 478 P.2d 181 (1970). In *Lira v. Billings,* 196 Kan. 726, 414 P.2d 13 (1966), the issue was the reasonableness of the refusal of a driver to take a blood test which resulted in the revocation of his driver's license by Billings, Superintendent of the Motor Vehicle Department. It was held that a determination of the reasonableness of the petitioner's refusal to take the test involved a quasi-judicial function which could properly be reviewed by a district court on appeal pursuant to K.S.A. 8-259(*a*). Billings, who made the initial decision to revoke the driver's license, participated as a party on the appeal in district court. When appeals are taken from orders of the Kansas Corporation Commission made in the exercise of a quasi-judicial function, the Kansas Corporation Commission customarily participates as a party on the appeal. In cases involving certain administrative agencies, there are often specific statutory provisions which make the administrative agency a party to the appeal in district court.

On appeals by landowners in cases involving the annexation of land by cities, sometimes both the county board and the municipality have appeared as parties. In other cases, the municipality alone has appeared, especially on appeals to the Supreme Court.

In some appeals from administrative boards, the question involved is of consequence only to certain parties who will be directly affected thereby. For example, in appeals from the director of workers' compensation, the director himself is not a party to the appeal, because he has no particular interest in the workmen's compensation proceeding except as the administrative judge who initially determined the rights of the parties under the workmen's compensation act.

In 73 C.J.S., Public Administrative Bodies and Procedure § 178, pp. 523-24, the general rules with respect to the parties in proceedings for review of actions of an administrative agency are summarized in the following language:

"In the absence of a statutory provision as to parties, the question with respect to who may or must be joined as parties to a proceeding to review the decisions and orders of an administrative agency is governed by the rules as to parties in civil actions generally. Accordingly, only necessary or proper parties may be joined, and the agency which made the order in question is usually considered a necessary, or at least a proper, party, particularly where there is a public interest to be protected as distinguished from that of the parties directly affected by the order of the agency."

The leading case on the subject is *Rommell v. Walsh,* 127 Conn. 16, 15 A.2d 6 (1940), where an issue was raised whether the zoning board of appeals of the city of Hartford had a right to appeal to the Supreme Court of Errors of Connecticut from an order of a Superior Court directing that the order of the zoning board be set aside. The landowners contended that the zoning board or its members had no right to appeal. The court rejected the contention, holding that the zoning board of appeals was a proper party in proceedings in the courts on appeal from orders of the board. The opinion presents a good discussion of the issue. The opinion notes that, in some appeals from an administrative order, the issue is of interest only to certain parties who will be affected, while in other cases there is, in addition, a public interest to be protected in the courts. On page 22 of the *Rommell* opinion we find the following statement:

"Administrative boards differ radically from courts because frequently in the performance of their duties they are representing such [public] interests, whereas courts are concerned with litigating the rights of parties with adverse interests who appear before them. Appeals taken from decisions of such boards are in a very different category than are appeals taken from a lower to a higher court, where the lower court, having acted, ceases to have any interest in the controversy, direct or representative. An appeal from an administrative board is not the means

by which jurisdiction of a cause is transferred from one tribunal to another, but is a process by which a court may be called upon, not to substitute its judgment for that of the board, but to determine whether the latter has acted legally and in a proper exercise of the discretion vested in it." 127 Conn. at 22.

The court in *Rommell* concluded that an administrative board representing public interests entrusted to the board can appear and participate as a party defendant in an appeal taken from the order of the board and can prosecute an appeal to an appellate court where the trial court has overruled the decision of the board. The court also concluded that, where the subject matter of an appeal from an administrative board does not give rise to issues affecting the public generally, the board need take no further action, leaving the proceedings on appeal to be prosecuted by the parties directly concerned.

The right of an administrative board to participate in proceedings in district court on an appeal from its decision is well recognized in Kansas where there is a public interest involved in the subject matter of the litigation. In *County of Chase v. Carter,* 24 Kan. *511 (1880), the Chase County Commissioners established and ordered the opening of a certain public road across the land of Carter, who subsequently filed an appeal in district court challenging the board's action. It was argued in district court that the county commissioners were not a proper party defendant, because it was their order which was challenged, and the anomaly was presented of a proceeding to reverse the ruling of a court in which the court was the only party defendant. Justice Brewer, speaking for the court, rejected this contention in the following language:

"There are reasons, however, why the commissioners should be held a necessary party defendant in a proceeding to review an order establishing a road. The question of a road is not a merely private one,—one affecting a few individuals; it is a matter of general public interest; it is a county question, and the county should be heard; . . . The county commissioners occupy a two-fold position: They constitute a judicial body, which passes upon the propriety and need of a proposed road, whose judgment thereon may be reviewed by proceedings in error. They also represent the county,—are, as it were, trustees for the public, to look after and protect its interests. As such, it is proper that they should be made a party defendant." pp. *512-13.

Although that case involved a dispute over a public road as opposed to a municipal annexation, the case is important because it recognizes the principle that the administrative body which

made the order appealed from is a proper party on the appeal *where there is a public interest to be protected* as distinguished from the interests of the parties directly affected by the order of the agency. Other cases in which a board of county commissioners has participated as a party on appeal from a quasi-judicial decision of the county board are *Town of Olsburg v. Pottawatomie County,* 113 Kan. 501, 215 Pac. 451 (1923) (incorporation of a city of the third class); *Parmelee v. Ziegler,* 181 Kan. 703, 314 P.2d 340 (1957) (creation of a benefit district relating to roads and bridges); and *Appleby v. Board of County Comm'rs,* 166 Kan. 494, 203 P.2d 224 (1949) (rezoning of a subdivision in Johnson County).

To determine the issue, we must consider whether the issue of annexation presented in this case affects the public generally, thus justifying participation by the board of county commissioners in the proceedings on appeal in the district court. In 1967, the Kansas legislature adopted the general annexation act (K.S.A. 12-519 *et seq.*) which was intended to provide uniform annexation proceedings which would apply to all cities regardless of class, by bringing together and codifying existing annexation laws which up to that time had been something of a hodgepodge. In determining the function of the board of county commissioners in annexation procedures, we should examine closely the provisions of this general annexation act. The act created a comprehensive legislative scheme to control the annexation of land by cities in this state. The pertinent provisions for our consideration are K.S.A. 1981 Supp. 12-520, 12-520a, 12-520b, 12-520c, and 12-521. The sections pertaining to the annexation of land which adjoins a city are K.S.A. 1981 Supp. 12-520, 12-520a, and 12-520b. K.S.A. 1981 Supp. 12-520 sets out seven conditions under which a city may annex land by ordinance without the participation of the board of county commissioners. If any one or more of the seven conditions is shown, the city may proceed by ordinance to accomplish the annexation. The only participation by the board of county commissioners occurs where the city attempts to annex land owned by the county which has a primary use as a county-owned or operated airport. In that situation, the city cannot annex the land without the express permission of the board of county commissioners. After publication of the annexation ordinance, any owner of land annexed by the city under the

authority of K.S.A. 1981 Supp. 12-520 may maintain an action in the district court challenging the authority of the city to annex the lands and the regularity of the proceedings. The county board is not concerned in this type of annexation and is not a necessary party in the action filed by the landowner in district court.

K.S.A. 12-520a and 12-520b set forth with particularity the procedure to be followed by the city in annexing land under the authority of K.S.A. 1981 Supp. 12-520. The city adopts a resolution that it is considering the annexation, gives notice that a public hearing will be held to consider the annexation, and holds a public hearing. Notice of the hearing must be mailed to each owner of land proposed to be annexed. At the public hearing, a representative of the city presents the proposal of the city for the annexation. All interested persons are given an opportunity to be heard. Under K.S.A. 12-520b, the city must provide a report containing a comprehensive plan for the extension of services to the land proposed to be annexed.

K.S.A. 12-520c covers the annexation of land not adjoining the city. In order for a city to proceed under K.S.A. 12-520c, section (a)(3) requires the board of county commissioners to find and determine that the annexation of such land will not hinder or prevent the proper growth and development of the area or that of any other incorporated city located within the county.

K.S.A. 12-521 covers the annexation of land which the city is not permitted to annex under the authority of K.S.A. 1981 Supp. 12-520. Under this section, the board of county commissioners participates to a significant extent in the annexation proceedings and particularly in the following steps:

(1) The city, having deemed it advisable to annex the land, may present a petition to the board of county commissioners and request a public hearing on the *advisability* of such annexation.

(2) At the public hearing, the board of county commissioners hears testimony as to the *advisability* of such annexation.

(3) The representative of the city is required to present the city's *proposal for annexation* including the plan of the city for the extension of services to the area proposed to be annexed.

(4) If the board is satisfied that such annexation, or *the annexation of a lesser amount* of such land, will cause no manifest injury to such owners, the board shall so find and grant the annexation. It is important to note that the board *in its discretion* may reduce

the amount of land to be annexed to a lesser amount and then grant the annexation to the lesser extent.

(5) The board of county commissioners may *grant or deny* the petition for annexation. This provision is important in the statutory scheme. The city *proposes* the annexation and the board of county commissioners has the administrative obligation to *grant or deny* the petition for annexation.

(6) Once the board of county commissioners has granted the annexation by order, the city may then annex by ordinance.

The last paragraph of K.S.A. 12-521 provides that any owner or the city aggrieved by the decision of the board of county commissioners may appeal from the board's decision to the district court in the same manner and method set forth in K.S.A. 19-223. K.S.A. 19-223 is the general statute covering appeals to the district court from any decision of the county board of commissioners. An appeal is accomplished by causing a written notice of the appeal to be served on the clerk of such board within thirty days after the making of the decision and by executing a bond *to the county* with sufficient security conditioned for the faithful prosecution of such appeal and for the payment of all costs that shall be adjudged against the appellant. K.S.A. 19-224 requires the clerk of the board, upon such appeal being taken, to immediately give notice thereof to the county attorney, and to prepare the record and to file the same and the bond with the clerk of the district court.

Considering all of these provisions of the general annexation act, we have concluded that they demonstrate the legislative intent that the board of county commissioners be a party to the appeal in the district court to insure that the interest of the public is protected. It is inconceivable that the legislature would require a city to petition a county board of commissioners and request a hearing on the advisability of an annexation and require the county board to *hear testimony on the advisability* without the intention that the county board *determine* the advisability of the annexation. Under K.S.A. 12-521, the city proposes the annexation; it is up to the board to grant or deny the annexation. In carrying out its function of determining the advisability of the annexation the board is, at least in part, carrying out legislative functions as well as quasi-judicial functions and in so doing has an obligation to see that the rights of the public are protected.

We also think it significant that an appeal may be taken by either an aggrieved landowner or the city by the procedure of serving the notice of appeal *on the clerk of the board.* No provision is made for the notice of appeal to be served on the landowners who have appeared at the hearing to present their positions to the board of county commissioners. It is logical to assume that it was the legislative intent that the board of county commissioners appear in the district court to defend its order approving or denying the petition for annexation. If the legislature had intended the landowners to defend against the appeal of the city, it could easily have provided that the notice of appeal be served on the *landowners* rather than on the clerk of the county board. Furthermore, we cannot ignore the fact that K.S.A. 19-224 requires the clerk of the county board to immediately give notice of the appeal to the county attorney. Such a requirement must contemplate that the county attorney will defend the action of the board of county commissioners in proceedings on appeal in the district court.

It is argued by the city of Lenexa that the board of county commissioners is not a proper party on the appeal, because K.S.A. 12-521 does not specifically give to the board of county commissioners the right to take an appeal from its order. The simple answer to that argument is that the legislature considered it obvious that the board of county commissioners would never have a reason to appeal from its own decision. For the reasons set forth above, we have concluded that the board of county commissioners is, at the very least, a proper party on an appeal by the city from a denial of an annexation under K.S.A. 12-521, and that the district court erred in dismissing the board as a party from the lawsuit.

II. Does the statutory procedure for appeals to the district court, provided under K.S.A. 12-521 and K.S.A. 19-223, violate the due process rights of the landowners?

This point was raised by the board of county commissioners based on the fact that there is no provision in 12-521 and 19-223 for notice of the appeal by the city to be given to the owners of land in the area sought to be annexed by the city. The county maintains that the failure to give the landowners notice and an opportunity to be heard in district court violates the landowners' constitutional right to due process of law. The city, in its brief,

contends that the county board lacks standing to raise this constitutional challenge to the statute and, further, that the board's due process claim is without merit because in this case the district court ordered that all landowners be provided written notice of the appeal which satisfies any requirement of due process of law. We have concluded that the city's contention that the county board lacks standing to raise this constitutional due process challenge is correct. The city's position is supported by *Delight Wholesale Co. v. City of Overland Park,* 203 Kan. 99, 453 P.2d 82 (1969), and *Manzanares v. Bell,* 214 Kan. 589, 522 P.2d 1291 (1974). We, therefore, decline to consider the merits of this issue.

The judgment of the district court is reversed and remanded with directions to the district court to permit the Board of County Commissioners of Johnson County to participate as a party in further proceedings in the district court in this case.