NOT DESIGNATED FOR PUBLICATION

No. 124,070

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DALTON HAINLINE and JERRY HAINLINE,
*Appellants*,

v.

BOARD OF MIAMI COUNTY COMMISSIONERS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Miami District Court; STEVEN C. MONTGOMERY, judge. Opinion filed October 7, 2022. Affirmed.

*Geri L. Hartley*, of Hartley Law Group, LLC, of Paola, for appellants.

*Michael Jilka*, of Graves & Jilka, P.C., of Lawrence, for appellee.

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Jerry and Dalton Hainline submitted a request for a conditional use permit (CUP) to the Miami County Board of Commissioners and their request was denied. The Hainlines appealed to the district court. But, in so doing, they neglected to serve the Clerk of the Board with their notice of appeal within 30 days of the denial of their CUP and execute a bond with that same Clerk as required by K.S.A. 19-223 in order to perfect their appeal. Even so, the wheels of justice started to turn despite those procedural deficiencies. Roughly two years into the Hainlines' appeal, the Miami County Counselor retired, and his successor moved to dismiss their appeal. She argued that their failure to strictly follow K.S.A. 19-223 at the outset deprived the district court of subject

1

matter jurisdiction. The district court agreed and dismissed the Hainlines' appeal. The Hainlines now bring the matter to us to determine whether that decision was appropriate. Following a thorough analysis, we conclude that the Hainlines' failure to properly execute their bond with the Clerk of the Board meant subject matter jurisdiction was never properly established with the district court and therefore doomed their appeal. Our decision on this matter renders moot the Hainlines' companion issue of whether their failure to file their notice of appeal with the Clerk of the Board also required dismissal. The decision of the district court is affirmed.

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, the Hainlines purchased 2.31 acres of real property in Paola to serve as both their primary residence and the home for their cargo and freight hauling business, M&S Trucking, Inc. At the time, the property was zoned rural residential, but in 2010 Miami County changed the zoning designation to Countryside (CS).

In 2018, the Miami County Planning Division notified the Hainlines that the property violated the county's zoning regulations due to its function as a contractor's shop or yard, as well as a disposal site for construction or demolition waste. Such usage was prohibited in a CS zoning district unless the property owner obtained a CUP. The notice gave the Hainlines a 30-day window to correct the violations.

Following a meeting with the Planning Division the Hainlines learned that to receive a CUP which allowed them to continue to operate a contractor's shop or yard in a CS zone, the property must be either 5 or 10 acres, depending on whether equipment would be openly stored. Despite the fact they fell short of the acreage requirements, seeing no other option, the Hainlines decided to attempt to obtain a CUP.

2

The Hainlines applied for a CUP in October 2018, and the Planning Commission held a public hearing on the matter in December. During the hearing the Hainlines asserted that the business was their sole source of income, and they were never cited for any zoning violations during its 14-year lifetime. They also explained they could not afford to purchase additional land as required to meet the minimum acreage requirement of the CUP. The Planning Commission ultimately denied the Hainlines' CUP request and the Board of County Commissioners gave them 18 months to phase out and relocate M&S Trucking, Inc.

The Hainlines filed a notice of appeal with the Clerk of the Miami County District Court in January 2019 with a certificate of service that read:

"I hereby certify that a true and correct copy of the above Notice of Appeal has been sent via USPS prepaid postage and facsimile to:

"Clerk of the Board of County Commissioners
Administration Building
201 S. Pearl, Suite *200*
Paola KS 66071
*Fax: 913-294-9163*" (Emphases added.)

The case progressed through various phases and in June 2019 the district court directed the County Counselor to provide minutes, orders, and transcripts of the Planning Commission hearing to the Hainlines' counsel. The County Counselor advised he could only offer a copy of the minutes because there was no recording from which to prepare a transcript. In November of that year the Hainlines learned a recording of the meeting actually did exist and filed a Motion to Compel Discovery from Appellee and for Sanctions, asking the court to compel the County Counselor to provide the transcripts at his expense. The court sanctioned the County Counselor by imposing a $500 fine.

In January of the next year, the County Counselor provided the Clerk of the Board with the Hainlines' Notice of Appeal from January 2019. Prior to that time, the Clerk of the Board had never officially received their notice.

The 18-month grace period the Hainlines were afforded to clear the business from their property expired in June 2020. But when that date arrived, they had neither moved nor closed their trucking business. In September the Board moved for summary judgment but did not advance any arguments related to proper service of notice or other claims attacking the district court's subject matter jurisdiction. The court denied the motion in December 2020.

The County Counselor retired at the end of 2020. His successor entered her appearance in December 2020 and promptly moved for summary judgment out of time on behalf of the Board. She asserted that the initial summary judgment motion "seriously fell short of the requirements and was largely ineffective." The motion did not, however, challenge service of the Hainlines' notice or the district court's subject matter jurisdiction. That motion was likewise denied.

In February, the Board filed a motion to dismiss asserting that the Hainlines failed to follow the requirements of K.S.A. 19-223. It specifically argued that the Hainlines neglected to serve their notice of appeal on the Clerk of the Board of County Commissioners. The Board noted that, instead, the Hainlines' notice of appeal was sent to the Board's suite number in the Administration Building, not the Clerk's; and they failed to fax it to the Clerk's number. It also explained that the Hainlines did not properly execute a bond with sufficient security for approval by the Clerk of the Board within 30 days of the denial of their CUP request, as required by statute. According to the Board, these defects deprived the district court of jurisdiction over the matter and necessitated dismissal of the appeal.

4

The Hainlines filed an answer and argued they substantially complied with the service requirements of K.S.A. 19-223. They also asserted that the lack of a bond was not fatal, and they should not be penalized because the Clerk never communicated with them about the bond. A short time later, the Hainlines posted a $1,000 bond with the Clerk of the Miami County District Court.

The district court held a hearing on the motion to dismiss during which the Board called multiple witnesses. First, Angela Bauman of the Miami County Planning Department testified that she shared a phone call with the Hainlines' counsel in January 2019, on the day their notice of appeal was filed. Bauman explained that the Hainlines' counsel inquired about the district court's filing deadlines for appeals but never requested the Clerk's address. Bauman followed the phone conversation up with an email to their attorney that included the contact information for the County Counselor and the district court.

Laura Epp, the Administrator of the Miami County website, also testified on behalf of the Board and explained that the Clerk's name and address were listed on the website. Epp explained how to access the Clerk's page and noted that it included the Clerk's proper address and fax number. She also testified that the Clerk's fax number was available through a public directory. Epp informed the court that the address and fax number included in the Hainlines' notice of appeal were incorrect and that their attorney never contacted her to verify that information. On cross-examination, Epp acknowledged that the Clerk was never described as the Clerk of the Board on any of the webpages she testified about. Rather, those resources referenced the Clerk as the secretary to the Board.

Janet White, the County Clerk, testified that she did not receive the Hainlines' notice of appeal until the County Counselor provided her with a copy in January 2020. She asserted that she first became aware of the Hainlines' appeal after learning they requested a recording of the Board's meeting in December 2018. She explained that the

recording of the meeting was not preserved because the notice of appeal was not properly filed. Like Epp, White testified that the notice of appeal's certificate of service did not list the correct mailing address or fax number and that the Hainlines' counsel never contacted her seeking the proper information. On cross-examination, White testified that the fax number listed on the website for the Miami County Board of County Commissioners matched that provided in the certificate of service for the Hainlines' notice of appeal.

White also testified about the mail procedure in the Administration Building. Her office was suite 102 on the first floor. If mail was addressed to the Board at suite 200, neither she nor anyone in her office would open the package. Yet she provided conflicting testimony with respect to what would happen if mail was addressed to the Clerk but offered the wrong suite number. First, she stated that she would open the mail. But then she later suggested that she would not open the package and it would be delivered upstairs to suite 200.

Finally, County Administrator Shane Krull testified. He informed the court that a postal service employee delivered all mail for the administration building to one room in the basement which contained boxes for each suite. After the mail was distributed, staff members retrieved it from the box for their respective suite. The only time a postal employee visited a suite directly was to obtain any required signatures.

Following receipt of evidence and arguments from the parties, the court granted the Board's motion to dismiss for lack of subject matter jurisdiction. Its journal entry noted that the Hainlines failed to comply with the notice of appeal and bonding requirements set forth under K.S.A. 19-223.

The Hainlines timely bring the matter to us to analyze whether the district court reached its conclusion in error.

ANALYSIS

Broadly speaking, the Hainlines argue the district court erred when it granted the Board's motion to dismiss for lack of subject matter jurisdiction due to their purported failure to meet the service and bond requirements outlined in K.S.A. 19-223.

K.S.A. 19-223 provides:

"Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

Other courts have interpreted this statute to be jurisdictional. See *Barnes v. Board of Cowley County Comm'rs,* 293 Kan. 11, 18, 259 P.3d 725 (2011) ("it is well established that K.S.A. 19-223 is the exclusive means to review Board conduct that is judicial or quasi-judicial in nature"); *Fulkerson v. Comm'rs of Harper Co.*, 31 Kan. 125, 128, 1 P. 261 (1883) (district courts may only review a Board of County Commissioner's exercise of judicial power, rather than what is legislative, political, or administrative); *Scanlon v. Johnson County Bd. of Comm'rs*, No. 119,127, 2019 WL 1087040, at *7 (Kan. App. 2019) (unpublished opinion) ("The nature of the Board's action that is before us— considering and granting a conditional use permit for a particular tract of land—is quasi-judicial, not legislative or administrative.").

The Kansas Supreme Court has held that failure to meet K.S.A. 19-223's requirements results in a lack of subject matter jurisdiction and precludes a district court from reviewing a Board's action. See *Kaplan v. Board of Johnson County Comm'rs*, 269

Kan. 122, 126, 3 P.3d 1270 (2000) ("Having failed to follow K.S.A. 19-223, the trial court and this court are without jurisdiction to hear the appeal.").

Again, in the case before us the district court determined that the Hainlines failed to meet the statute's notice of appeal and bond requirements; therefore, it lacked jurisdiction to hear the appeal. Those two findings provide the foundation for the Hainlines' appeal to us.

*Standard of Review*

This court reviews a district court's decision on a motion to dismiss de novo. *Wachter Management Co. v. Dexter & Chaney, Inc*., 282 Kan. 365, 368, 144 P.3d 747 (2006). Similarly, we exercise unlimited review over questions related to subject matter jurisdiction. *State v. Dunn*, 304 Kan. 773, 784, 375 P.3d 332 (2016). "'Subject matter jurisdiction is the power of the court to hear and decide a particular type of action.'" 304 Kan. at 784 (quoting *State v. Matzke*, 236 Kan. 833, 835, 696 P.2d 396 [1985]). Challenges to subject matter jurisdiction may be raised at any time. *Dunn*, 304 Kan. at 784.

Insofar as this court interprets statutes, it has unlimited review. *Jarvis v. Kansas Dept. of Revenue*, 312 Kan. 156, 159, 473 P.3d 869 (2020). "All Kansas courts use the same starting point when interpreting statutes: The Legislature's intent controls. To divine that intent, courts examine the language of the provision and apply plain and unambiguous language as written." 312 Kan. at 159. In doing so, courts must give "common words their ordinary meaning." *State v. Ryce*, 303 Kan. 899, 906, 368 P.3d 342 (2016). "If the Legislature's intent is not clear from the language, a court may look to legislative history, background considerations, and canons of construction to help determine legislative intent." *Jarvis*, 312 Kan. at 159.

8

Structurally, the Hainlines' first claim is devoted to the district court's decision about their notice of appeal. But because our conclusion regarding their execution of the bond renders the notice issue moot, we take the liberty of restructuring the issues to address the bond matter first.

THE DISTRICT COURT PROPERLY CONCLUDED IT LACKED SUBJECT MATTER JURISDICTION AS A RESULT OF THE HAINLINES' FAILURE TO COMPLY WITH THE BONDING REQUIREMENTS OF K.S.A. 19-223

The Hainlines contend that their failure to execute a bond stemmed from the Clerk's failure to either notify them of that responsibility or assess a bond in accordance with K.S.A. 19-224. That provision states:

"The clerk of the board, upon such appeal being taken, shall immediately give notice thereof to the county attorney, and shall make out a brief return of the proceedings in the case before the board, with their decision thereon, and shall file the same, together with the bond and all the papers in the case in his or her possession, with the clerk of the district court; and such appeal shall be entered, tried and determined the same as other appeals to the district court."

K.S.A. 19-223 further specifies the Clerk's responsibilities related to the bond by providing that the appellant must execute "a bond to such county with sufficient security, *to be approved by the clerk of said board*, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant." (Emphasis added.)

Taken together, the statutes simply required the Hainlines to execute a bond, which the Clerk of the Board would then approve and file with the clerk of the district court. The provisions do not require the Clerk of the Board to initiate the bond proceedings as the Hainlines contend. Additionally, from our reading of the plain language of K.S.A. 19-224, the only duty imposed on the Clerk of the Board as to

9

notifications is to ensure the county attorney is apprised of the appeal. He or she is under no obligation to inform appellants like the Hainlines of their responsibility to execute a bond.

A fair reading of the provisions reveals that when the Clerk of the Board approves a bond and subsequently files that bond with the district court's clerk, it assumes that the appealing party properly served the Clerk of the Board from the outset. That is, successful service is a prerequisite to that Clerk's bond obligations; it is what starts the ball rolling. In *Board of Johnson County Comm'rs v. City of Lenexa*, 230 Kan. 632, 640, 640 P.2d 1212 (1982), the Kansas Supreme Court explained:

> "K.S.A. 19-223 is the general statute covering appeals to the district court from any decision of the county board of commissioners. An appeal is accomplished by causing a written notice of the appeal to be served on the clerk of such board within thirty days after the making of the decision and by executing a bond to the county with sufficient security conditioned for the faithful prosecution of such appeal and for the payment of all costs that shall be adjudged against the appellant. K.S.A. 19-224 requires the clerk of the board, *upon such appeal being taken*, to immediately give notice thereof to the county attorney, and to prepare the record and to file the same and the bond with the clerk of the district court." (Emphasis added.)

The bond filed by the Hainlines did not meet the statutory requirement. Rather, it was filed in the district court one day before the hearing on the Board's motion to dismiss. Our Supreme Court addressed this very issue in *Trego County v. Cross*, 71 Kan. 151, 79 P. 1084 (1905). The language from K.S.A. 19-223 that is currently under scrutiny was also in effect at that time. In *Cross*, the appellant likewise attempted to execute a bond with the district court rather than the Clerk of the Board, and the court dismissed the appeal because "the statute contemplates that the bond shall be delivered to the clerk of the county board." 71 Kan. at 153. Since the bond was not delivered to the Clerk of the Board, "who alone could accept it, it was ineffective to accomplish the purpose for which

it was prepared." 71 Kan. at 153. The bond at issue is indistinguishable and therefore also was not sufficient to satisfy the requirements of K.S.A. 19-223.

The Hainlines also reference a $0 bond but provide no citation to the record, and our review of the same uncovered no evidence showing they ever filed any such bond. The Hainlines further contend, also with no supporting legal authority, that caselaw suggests K.S.A. 19-223 does not impose a 30-day time limit for the bond's execution. Even if that were an accurate statement, it does not change the fact that the Hainlines never executed a bond with the Board's Clerk during the two years between their errant filing of a notice of appeal and the district court's decision on the Board's motion to dismiss. At any rate, any reasonable reading of K.S.A. 19-223 would not allow such an extended time frame.

The district court properly granted the Board's motion to dismiss upon finding that the Hainlines' failure to properly execute a bond as required by K.S.A. 19-223 deprived it of subject matter jurisdiction. As noted earlier in this opinion, our decision on the bond issue renders moot the Hainlines' claim related to deficiencies in their notice of appeal.

Affirmed.

11