No. 50,269

Frank E. Bolser and Mable M. Bolser, husband and wife, *Appellants,* v. Zoning Board for Aubry Township, Kansas; and The Board of County Commissioners of Johnson County, Kansas, *Appellees.*

(612 P.2d 563)

Opinion filed June 14, 1980.

*Eugene F. Gastl* and *D. William Provance,* of Shawnee, were on the brief for the appellants.

*Lyndus A. Henry,* of Olathe, was on the brief for appellee Board of County Commissioners of Johnson County.

*Ernest C. Ballweg,* of Prairie Village, was on the brief for appellee Zoning Board for Aubry Township.

The opinion of the court was delivered by

McFarland, J.: On April 11, 1974, the defendant Board of County Commissioners, upon recommendation of defendant Zoning Board for Aubry Township, rezoned a portion of the plaintiffs' property from retail business/light industry to residential. Plaintiffs objected to the zoning change and on October 8,

1974, commenced this action challenging the reasonableness of the zoning change.

On June 16, 1975, the district court dismissed the action on the ground that it was an attempted appeal pursuant to K.S.A. 60-2101(a) [Corrick] (now K.S.A. 1979 Supp. 60-2101[d]) and had not been filed within the statutory 30-day period. On June 23, 1975, plaintiffs filed a motion to reconsider and to reinstate the action. Said motion was overruled on April 20, 1976. On May 4, 1976, plaintiffs filed their notice of appeal seeking appellate review.

Two years and fifteen extensions of time for reproduction of the record later, plaintiffs requested and received permission to proceed without a printed record. The sole issue presented to the Court of Appeals was whether or not judicial review had been timely sought. The plaintiffs contend the action was an independent action pursuant to K.S.A. 19-2913, and not subject to the 30-day limitation for the filing of appeals pursuant to K.S.A. 19-223 and K.S.A. 60-2101. The Court of Appeals held that actions pursuant to K.S.A. 19-2913 are independent actions subject to the five-year statute of limitations set forth in K.S.A. 60-511(5). *Bolser v. Zoning Board for Aubry Township,* 4 Kan. App. 2d 288, 605 P.2d 156 (1980). The matter is before this court on petition for review filed by defendants.

In addition to the issue relative to the timeliness of seeking judicial review in the district court, a second issue is raised before this court, relative to whether the appeal to the Court of Appeals was timely commenced. Although not previously raised, we will consider this issue since it is a challenge to appellate jurisdiction.

Defendants contend the plaintiffs' motion to reconsider and reinstate is not one of the motions enumerated in K.S.A. 60-2103 [Corrick] (since amended), and hence it did not toll the running of the time for appeal. K.S.A. 60-2103 [Corrick], in effect at the time involved herein, provided in relevant part:

"(a) *When and how taken.* When an appeal is permitted by law from a district court to the supreme court, the time within which an appeal may be taken shall be thirty (30) days from the entry of the judgment, as provided by section 60-258, except that in any action in which the state, or an officer or agency thereof, is a party the time as to all parties shall be sixty (60) days from such entry, and except that upon a showing of excusable neglect based on a failure of a party to learn of the entry of judgment the district court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time

herein prescribed. The running of the time for appeal is terminated by a timely motion made pursuant to any of the rules hereinafter enumerated, and the full time for appeal fixed in this subsection commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: granting or denying a motion for judgment under section 60-250(*b*); or granting or denying a motion under section 60-252(*b*) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; or granting or denying a motion under section 60-259 to alter or amend the judgment; or denying a motion for new trial under section 60-259."

The motion requested reconsideration of the dismissal of the action. Looking through form to substance we conclude it was the equivalent of a motion for a new trial. The notice of appeal was filed within thirty days after the motion was denied. We conclude the appeal from the judgment of the district court was timely commenced. See *Loose v. Brubacher,* 219 Kan. 727, 729, 549 P.2d 991 (1976); *Heim v. Werth,* 214 Kan. 855, 857, 522 P.2d 389 (1974); *Ten Eyck v. Harp,* 197 Kan. 529, 533, 419 P.2d 922 (1966).

We turn now to the principal issue involved herein. Did the district court err in dismissing plaintiffs' action on the ground that it was not filed within thirty days after defendant Board of County Commissioners approved the zoning change?

The statutes involved are:

"19-2913. **Reasonableness; action to determine.** That any and all acts and regulations provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act or regulation determined by bringing an action against the county commissioners in the district court in the county in which any such township is situated."

"19-223. **Appeals to district court; notice; bond.** Any person who shall be aggrieved by any decision of the board of commissioners may appeal from the decision of such board to the district court of the same county, by causing a written notice of such appeal to be served on the clerk of such board within thirty days after the making of such decision, and executing a bond to such county with sufficient security, to be approved by the clerk of said board, conditioned for the faithful prosecution of such appeal, and the payment of all costs that shall be adjudged against the appellant."

"60-2101 [1979 Supp.]. **Appellate jurisdiction of court of appeals and supreme court; administrative appeals to district court.**

. . . .

"(*d*) A judgment rendered or final order made by an administrative board or officer exercising judicial or quasi-judicial functions may be reversed, vacated or modified by the district court on appeal. If no other means for perfecting such appeal is provided by law, it shall be sufficient for an aggrieved party to file a notice that such party is appealing from such judgment or order with such board

or officer within thirty (30) days of its entry, and then causing true copies of all pertinent proceedings before such board or officer to be prepared and filed with the clerk of the district court in the county in which such judgment or order was entered. The clerk shall thereupon docket the same as an action in the district court, which court shall then proceed to review the same, either with or without additional pleadings and evidence, and enter such order or judgment as justice shall require. A docket fee shall be required by the clerk of the district court as in the filing of an original action." [Formerly K.S.A. 60-2101(*a*) (Corrick).]

"**60-511. Actions limited to five years.** The following actions shall be brought within five (5) years:

. . . .

"(5) An action for relief, other than the recovery of real property not provided for in this article."

In summary, the district court held that K.S.A. 19-2913 did not authorize aggrieved persons in zoning disputes to bring an independent action with an unlimited time for so doing. The district court reasoned that, in construing K.S.A. 19-2913, 19-223, and K.S.A. 60-2101(*a*) [now K.S.A. 1979 Supp. 60-2101(*d*)] together, the legislature intended that there be a 30-day period for seeking judicial review of such matters. The Court of Appeals held that K.S.A. 19-2913 authorized the bringing of an independent action with a 5-year statute of limitations pursuant to K.S.A. 60-511(5).

K.S.A. 19-2913, K.S.A. 19-2926, and K.S.A. 12-712, applicable to zoning acts of townships, counties, and cities, respectively, are virtually identical and, over the years, have been the vehicles for many appeals to this court. None of the prior cases deal with the time for maintaining such actions. This court has previously attempted to determine the nature of actions under such statutes for evidentiary purposes.

In *West v. City of Wichita,* 118 Kan. 265, 268, 234 Pac. 978 (1925), this court stated:

"In deciding the case the court construed section R.S. 13-1106, which reads as follows:

" 'That any ordinance or regulation provided for or authorized by this act shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance or regulation determined by bringing an action, in the district court of the county in which such city is situated, against the governing body of said city,'

and held that this statute, as far as it relates to the reasonableness of specific provisions of zoning ordinances, abrogates the general rule that ordinances of the city are presumed to be reasonable, and before a court should hold otherwise their unreasonableness should be established by clear and positive evidence, and has the effect of placing the person having an interest in the property affected upon an equal standing with the city upon the question of the reasonableness of the

provisions in question of the ordinance. We construe this section of the statute as giving to any taxpayer or any other person having an interest in property affected a right to bring a suit in the district court to test the reasonableness of the ordinance or any specific provisions thereof which affects his particular property in the use he desires to make of it; that is, the suit does not have to be brought by the state on the relation of the county attorney or attorney-general, and the forum in which to bring the suit is made definite, but it may be doubted whether it in any way affects the question of the burden of proof. In any event, the person bringing such action is a plaintiff and has the ordinary burden of establishing his cause of action by preponderance of the evidence. Before a court should set aside a specific provision of the ordinance, it should be made to appear affirmatively that it is unreasonable when applied to plaintiff's property and the specific use which plaintiff desires to make of it."

The above statement lends support to plaintiffs' position. Over the years, however, a different interpretation has evolved. In *Keeney v. City of Overland Park,* 203 Kan. 389, 392-93, 454 P.2d 456 (1969), this court stated:

"Plaintiffs' contention the trial court misconstrued our decision in *Bodine v. City of Overland Park,* supra, [198 Kan. 371, 424 P.2d 513 (1967)] with respect to what evidence may be considered in an action of this nature is well founded. In *Bodine* we said:

" '. . . The statutory proceeding authorized by 12-712, *supra,* (and 19-2913, *supra*) is neither a trial *de novo* nor an appeal in the true sense of the word. When the trial court hears evidence anew in a case of this character, the proceeding resembles a trial *de novo,* but there the semblance ends.

" 'It is to be noted the statutes (12-712, *supra,* and 19-2913, *supra*) do not set out the procedure to be used in the district court in proceedings of this nature. In *Appleby v. Board of County Commissioners,* 166 Kan. 494, 203 P.2d 224, the court recognized this fact and held that the trial procedure is governed by our code of civil procedure; that the defendants may defend the action, demur to the plaintiffs' evidence and appeal if the demurrer is overruled. While the *Appleby* decision was made prior to the adoption of our new code of civil procedure the basic rule must be the same. In other words, in the instant case the proceeding was to be conducted in accordance with the new code of civil procedure which became effective January 1, 1964. Incorporated therein is Article 4—Rules of Evidence. (K.S.A. 60-401 to 60-470, inclusive.) Thus, the reasonableness of the action taken by the governing body of the city of Overland Park in denying the appellees' R-4 garden apartment zoning application *should be determined from the issues made up by the pleadings and the evidence submitted thereon in accordance with the rules of evidence.* (See, *Hillebrand v. Board of County Commissioners,* 180 Kan. 348, 350, 305 P.2d 517.)' (Emphasis added.) (pp. 385, 386.)

"Although we said that the proceeding in district court bears some semblance of a trial *de novo,* we cautioned that the power of the court is limited to determining (*a*) the lawfulness of the action taken, that is, whether procedures in conformity with law were employed; and (*b*) the reasonableness of such action. With respect to the question of reasonableness, the court may not substitute its judgment for that of

the governing body and should not declare the action of the governing body unreasonable unless clearly compelled to do so by the evidence. The presumption exists that the governing body acted reasonably, and it is incumbent upon those attacking its action to show the unreasonableness thereof. (Also, see, *Arkenberg v. City of Topeka,* 197 Kan. 731, 421 P.2d 213; *Moyer v. Board of County Commissioners,* 197 Kan. 23, 415 P.2d 261; *Konitz v. Board of County Commissioners,* 180 Kan. 230, 303 P.2d 180.)

"The city governing body in *Bodine,* unlike here, made no record of the hearing which it conducted upon the zoning application. The district court heard evidence as if the case were presented as a trial *de novo* upon the issues framed by the pleadings.

"Since *Bodine* we have had further occasion to reemphasize the limitations upon the power of the district court to review by a trial *de novo* the decisions of administrative bodies. (*Rydd v. State Board of Health,* 202 Kan. 721, 451 P.2d 239; *Lauber v. Firemen's Relief Association,* 202 Kan. 564, 451 P.2d 488; *Kansas State Board of Healing Arts v. Foote,* 200 Kan. 447, 436 P.2d· 828.)

"In *Rydd v. State Board of Health,* supra, we had before us the provisions of K.S.A. 65-504 wherein an applicant or licensee aggrieved by the order of the board in denying or revoking a license may seek judicial review in the district court on the limited question of whether or not the order was arbitrary, unlawful or unreasonable. The statute provides that 'Such an appeal shall be tried *de novo* and the court shall receive and consider any pertinent evidence, oral or documentary, concerning the order of the board from which the appeal is taken.' In the opinion we stated:

" 'It is true the appeal statute here (65-504) provides for trial *de novo;* however, as in *Foote,* the statute is to be construed in the light of the constitutional inhibition prescribed by the separation of powers doctrine. This means the legislature may not impose upon the judiciary the function of a trial *de novo* of action of an administrative agency in the sense of authorizing the court to substitute its judgment for that of the administrative agency in matters other than law or essentially judicial matters.' "

In *Gaslight Villa, Inc. v. City of Lansing,* 213 Kan. 862, 865, 518 P.2d 410 (1974), this court stated:

"The review proceedings authorized by K.S.A. 12-712 relate to actions of an administrative body and the statutory issue to be determined is the reasonableness of the ordinance or of the action of said body under the ordinance or regulation. The mark of unreasonable action as contemplated in K.S.A. 12-712 is when the action is so arbitrary it can be said it was taken without regard to the benefit or harm involved to the community at large including all interested parties and was so wide of the mark its unreasonableness lies outside the realm of fair debate. There is a presumption that the governing body acted reasonably and it is incumbent upon those attacking its action to show unreasonableness. The reviewing court may not substitute its judgment for that of the governing body and should not declare the action of the latter unreasonable unless clearly compelled to do so by the evidence."

*Golden v. City of Overland Park,* 224 Kan. 591, 597, 584 P.2d 130 (1978), held:

"A city, in enacting a general zoning ordinance, or a planning commission, in exercising its primary and principal function under K.S.A. 12-704 in adopting and in annually reviewing a comprehensive plan for development of a city, is exercising strictly legislative functions. When, however, the focus shifts from the entire city to one specific tract of land for which a zoning change is urged, the function becomes more quasi-judicial than legislative. While policy is involved, such a proceeding requires a weighing of the evidence, a balancing of the equities, an application of rules, regulations and ordinances to facts, and a resolution of specific issues."

This evolutionary process has resulted in zoning disputes arising from the zoning of particular tracts being considered quasi-judicial decisions which are subject to judicial review under the same rules applicable to appeals from decisions of administrative agencies while operating in a quasi-judicial capacity.

Increasingly, judicial review of zoning disputes relative to particular tracts has been treated the same as, and referred to as, zoning appeals. For an example thereof, see *International Villages, Inc., of Amer. v. Board of Comm'rs of Jefferson County,* 224 Kan. 654, 585 P.2d 999 (1978).

The Court of appeals handed down its decision in this case on January 18, 1980. In direct response thereto, the 1980 Kansas legislature enacted Senate Bill 699 which provides:

"SENATE BILL No. 699

"AN ACT relating to zoning in cities and counties; concerning the time limits for filing of appeals from zoning decisions; amending K.S.A. 12-712, 19-2913 and 19-2926, and repealing the existing sections.

*"Be it enacted by the Legislature of the State of Kansas:*

"Section 1. K.S.A. 12-712 is hereby amended to read as follows: 12-712. Any ordinance or regulation *or amendment thereto* provided for or authorized by this act shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance, regulation *or amendment thereto* determined by bringing an action *against the governing body of the city within thirty days after the making of a decision on a zoning ordinance or regulation, or amendment thereto, by such governing body. Such action shall be brought* in the district court of the county in which such city is situated.

"Sec. 2. K.S.A. 19-2913 is hereby amended to read as follows:

19-2913. Any and all acts and regulations *or amendments thereto* provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act, regulation *or amendment thereto* determined by bringing an action against the *board of* county commissioners *within thirty days after the making of a decision on a zoning regulation, or amendment thereto. Such action shall be brought* in the district court in the county in which any such township is situated.

"Sec. 3. K.S.A. 19-2926 is hereby amended to read as follows: 19-2926. Any and all acts and regulations *or amendments thereto* provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act, regulation *or amendment thereto* determined by bringing an action against the *board of* county commissioners *within thirty days after the making of a decision on a zoning regulation, or amendment thereto. Such action shall be brought* in the district court of the county." [Emphasis indicates change in existing statutes.]

While not legally an expression of legislative intent, the following excerpt from the Legislative Research Department's note on Senate Bill 699 reflects legislative awareness of the Court of Appeals decision herein:

"The Senate Committee amendments (formerly contained in S.B. 792) are in response to a recent Kansas Court of Appeals decision (*Bolser v. Zoning Board of Aubry Township,* No. 50,269, Kansas Court of Appeals). The court held that an action under K.S.A. 19-2913 is an independent action not subject to the 30-day time limits established in K.S.A. 19-223 and K.S.A. 1979 Supp. 60-2101(*d*). (K.S.A. 19-223 requires any person aggrieved by any decision of the board of county commissioners to appeal to the district court within 30 days. K.S.A. 1979 Supp. 60-2101(*d*) requires any person appealing a judgment or final order by an administrative board or officer exercising judicial or quasi-judicial functions must do so within 30 days of the decision.) The court held that the five-year statute of limitations under K.S.A. 60-511(5)—the limitations of actions article of the Kansas Code of Civil Procedures applied.

"The *Bolser* decision only deals with appeals regarding the reasonableness of decisions of township zoning boards. Presumably, however, the court would rule the same way in regard to challenges as to the reasonableness of zoning decisions of cities and counties also."

K.S.A. 19-223, the general appeals statute from decisions of boards of county commissioners, was enacted in 1868. K.S.A. 19-2913 was enacted in 1939. In so doing, did the 1939 legislature

intend to create a new independent cause of action with an attendant lengthy statute of limitations for persons aggrieved by zoning acts and regulations? We think not.

In our present-day society, zoning limitations on the use of real property are established and accepted facts of life. It is easy to forget that zoning represents a major inroad on the right to own and use property. To zone is to limit usage—to take something away from the individual owner's rights to his property in the name of the common good. The votes of two members of a board of county commissioners can substantially affect a landowner's use of his property. The concept and operation of zoning could justifiably warrant concern in the Kansas citizenry.

K.S.A. 19-2913 speaks of "acts and regulations"; whereas, K.S.A. 19-223 speaks of "decision." The two statutes must be considered *in para materia.* We conclude that the purpose of K.S.A. 19-2913 (and comparable provisions of other previously referred-to zoning acts) was to assure the availability of judicial review for reasonableness of all zoning actions taken by a board of county commissioners, whether decisions, acts, or regulations. The inclusion of such provisions was intended to assuage citizen concerns by the assurance that unreasonable zoning could be judicially reviewed and corrected. K.S.A. 19-2913 is a reaffirmation of the pre-existing right to judicial review by appeal, contained in K.S.A. 19-223 and expanded to include all zoning acts and regulations, with reasonableness being specifically set forth as the test to be applied. K.S.A. 19-2913, accordingly, does not create an independent cause of action. The time limitation for seeking judicial review pursuant to K.S.A. 19-2913 is the 30-day limitation fixed by K.S.A. 19-223. Such result is consistent with the procedures generally afforded in Kansas for judicial review of administrative decisions.

This result is further buttressed by recognition of the practical need for a short period of time in which to seek judicial review from adverse zoning decisions and acts. If challenges to zoning could be made anytime within a five-year period, the development and sale of property would be stymied. Frequently, contracts for sale of real estate are conditioned on the present owner obtaining a zoning change. If such zoning changes were secured, but subject to challenge for five years, chaos would result. Construction of apartments, shopping centers, warehouses, etc.,

could not be expected to await the running of the five-year period. A lengthy statute of limitations is particularly a problem in zoning matters where one's "adversary" could be any one of several landowners whose opposition may or may not have surfaced prior to the commencement of the action.

Further, a judicial determination as to the reasonableness of the act or decision of a governing body or administrative agency presupposes that such determination will be reasonably contemporaneous with the complained-of act or decision. This is particularly true of zoning matters where the facts to be considered are not fixed in time, but involve ever-changing factors such as surrounding land usage, community resources, streets, traffic patterns, sewers, police and fire protection, schools, population, etc.

The district court correctly concluded that the action herein was not timely commenced and dismissed the action. In so doing the court incorrectly relied on K.S.A. 60-2101(a) (Corrick) (now K.S.A. 1979 Supp. 60-2101[d]); whereas, the time for seeking judicial review herein is fixed by K.S.A. 19-223. Each statute has a 30-day time limitation. Having reached the right result, the district court must be affirmed.

Plaintiffs herein are not without remedy. If they desire to pursue the matter further they may make application for a zoning change. If granted, they have their relief. If denied, the reasonableness of the denial may be judicially reviewed based on more current facts and circumstances.

The judgment of the Court of Appeals is reversed and judgment of the district court is affirmed.

FROMME, J., concurs in the result.