(644 P.2d 477)

No. 53,024

MR. & MRS. CARL W. AMERINE, MR. & MRS. STEVE SHOEMAKER, MR.
& MRS. ALLAN EASUM, MR. & MRS. JACK OGLESBY, MR. & MRS.
LEROY CRUMET, MR. STEVE STEWART, MR. & MRS. MERRILL JOHN-
SON, MR. & MRS. LORIN SNOW, *Appellants,* v. THE BOARD OF
COUNTY COMMISSIONERS OF THE COUNTY OF JEFFERSON, KANSAS,
and N.R. HAMM QUARRY, INC., *Appellees.*

Petition for review denied June 17, 1982.

Opinion filed May 6, 1982.

*Jerry L. Harper,* of Lawrence, for the appellants.

*Randall J. Forbes, Margaret A. Gatewood,* and *John R. Hamilton* of Crane, Martin, Claussen, Hamilton & Barry, of Topeka, for the appellees.

Before SPENCER, P.J., REES and MEYER, JJ.

SPENCER, J.: Plaintiffs have appealed from judgment which denied their challenge to the validity of a conditional use permit issued by the Board of County Commissioners of Jefferson County to N.R. Hamm Quarry, Inc. (Hamm), for the operation of a sanitary landfill in that county. Plaintiffs are the owners of real property adjacent to or in the near vicinity of the proposed landfill.

On July 24, 1975, the Jefferson County regional planning commission denied Hamm's application for a conditional use permit to operate the landfill. On September 5, 1975, the Board unanimously reversed the decision of the planning commission and issued the permit sought by Hamm. Plaintiffs chose not to appeal the decision of the Board, but instead, on September 4, 1980, commenced this action claiming the conditional use permit issued to Hamm was "ultra vires and without force or effect in law . . . ." The basis for this averment is the contention that the Board had delegated final authority for the issuance of conditional use permits to the planning commission. On the other hand, defendants assert the Board holds ultimate authority on all zoning matters, and on cross-appeal argue that plaintiffs' action is

barred and should have been dismissed by reason of their failure to appeal within the thirty days prescribed by both K.S.A. 19-223 and 19-2926. We believe this issue to be dispositive of this appeal.

In the pretrial order, plaintiffs admit they were aware of the action of the Board in issuing the conditional use permit to Hamm on September 5, 1975, in contravention of the decision of the planning commission, and that no appeal had been taken from that order.

We are satisfied that the issuance of a conditional use permit, within the guidelines of the zoning regulations adopted by Jefferson County, is an administrative as distinguished from legislative act which may be delegated by the governing body to an administrative body, in this instance the planning commission. 82 Am. Jur. 2d, Zoning and Planning §§ 62, 64.

As was held in *Houston v. Board of City Commissioners,* 218 Kan. 323, 543 P.2d 1010 (1975), the function of a planning commission is advisory only. The final authority in zoning matters rests with the governing body possessing legislative power. See also *City of DeSoto v. Centurion Homes, Inc.,* 1 Kan. App. 2d 634, 573 P.2d 1081, *rev. denied* 225 Kan. 843 (1977). However, it is also to be noted that as a general rule an administrative agency may not violate or ignore its own regulations and where it fails to follow the rules which it has promulgated, its orders are unlawful. *Kansas Commission on Civil Rights v. City of Topeka Street Department,* 212 Kan. 398, 511 P.2d 253, *cert. denied* 414 U.S. 1066 (1973). A governing body is estopped to deny the validity of its own zoning ordinances. *Benson v. City of DeSoto,* 212 Kan. 415, 510 P.2d 1281 (1973).

In reviewing the zoning regulations of Jefferson County, and specifically that section pertaining to the issuance of conditional use permits as found in Article 80, we note that 80.4 provides in pertinent part:

"H. *Land Rehabilitation*

. . . . .

"3. All sanitary landfill sites and method of filling shall be subject to approval by the County Health Department, the Planning Commission and the Governing Body."

We conclude that it was within the lawful authority of the Board to issue a conditional use permit for the operation of a sanitary

landfill, but only if it did so in conformity with its own regula-
tions. Those regulations clearly required the approval of the
planning commission, which the Board did not have at the time it
issued the permit. It therefore might well be that the act of the
Board in issuing the permit to Hamm was an act which, upon
timely and proper judicial review, would have been found un-
lawful. However, it does not necessarily follow that the issuance
of the permit was without force and effect in law when the only
move against it was a collateral attack made almost five years after
the issuance.

The contention before us is that plaintiffs' action is barred by
their failure to take an appeal under K.S.A. 19-223 or 19-2926. We
must agree.

In *Bolser v. Zoning Board for Aubry Township,* 228 Kan. 6, 612
P.2d 563 (1980), the Supreme Court, in reviewing a decision of
this court pertaining to jurisdiction under K.S.A. 19-2913, also
relating to zoning regulations, held the time limitation for seeking
judicial review pursuant to that statute is the 30-day limitation
fixed by 19-223. In so doing, the court stated:

"K.S.A. 19-2913 speaks of 'acts and regulations'; whereas, K.S.A. 19-223 speaks
of 'decision.' The two statutes must be considered *in pari materia.* We conclude
that the purpose of K.S.A. 19-2913 *(and comparable provisions of other previously
referred-to zoning acts) was to assure the availability of judicial review for
reasonableness of all zoning actions taken by a board of county commissioners,
whether decisions, acts, or regulations.* The inclusion of such provisions was
intended to assuage citizen concerns by the assurance that unreasonable zoning
could be judicially reviewed and corrected. K.S.A. 19-2913 is a reaffirmation of the
pre-existing right to judicial review by appeal, contained in K.S.A. 19-223 and
expanded to include all zoning acts and regulations, with reasonableness being
specifically set forth as the test to be applied. K.S.A. 19-2913, accordingly, does
not create an independent cause of action. *The time limitation for seeking judicial
review pursuant to K.S.A. 19-2913 is the 30-day limitation fixed by K.S.A. 19-223.*
Such result is consistent with the procedures generally afforded in Kansas for
judicial review of administrative decisions.

"This result is further buttressed by recognition of the practical need for a short
period of time in which to seek judicial review from adverse zoning decisions and
acts. If challenges to zoning could be made anytime within a five-year period, the
development and sale of property would be stymied. Frequently, contracts for
sale of real estate are conditioned on the present owner obtaining a zoning change.
If such zoning changes were secured, but subject to challenge for five years, chaos
would result. Construction of apartments, shopping centers, warehouses, etc.,
could not be expected to await the running of the five-year period. A lengthy
statute of limitations is particularly a problem in zoning matters where one's

'adversary' could be any one of several landowners whose opposition may or may not have surfaced prior to the commencement of the action.

"Further, a judicial determination as to the reasonableness of the act or decision of a governing body or administrative agency presupposes that such determination will be reasonably contemporaneous with the complained-of act or decision. This is particularly true of zoning matters where the facts to be considered are not fixed in time, but involve ever-changing factors such as surrounding land usage, community resources, streets, traffic patterns, sewers, police and fire protection, schools, population, etc." 228 Kan. at 14-15; emphasis added.

K.S.A. 19-2926 also speaks of "acts and regulations" and limits the time in which to bring an action against the county commissioners to test the reasonableness of any such act or regulation to a period of thirty days after the decision has been made. Plaintiffs having failed to commence their action within that period of time are barred from doing so. The trial judge, in a well-reasoned opinion, entered judgment on the merits in favor of defendants. Inasmuch as we do not now consider this cause on the merits, we cannot affirm that decision, but must direct that the judgment of the district court be vacated and this cause remanded with directions to dismiss plaintiffs' action with costs taxed to the plaintiffs.

Vacated and remanded with directions.