(684 P.2d 464)
No. 56,463

Norman St. John and Louis Mischler, *Appellants*, v. City of Salina, Kansas, a Municipal Corporation, *Appellee*.

Petition for review denied October 2, 1984.

Opinion filed July 26, 1984.

*Mark J. Dinkel* and *William L. Winkley*, of Salina, for the appellants.

*L. O. Bengtson*, of Clark, Mize & Linville, Chartered, of Salina, for the appellee.

Before Foth, C.J., Parks and Meyer, JJ.

Foth, C.J.: On October 6, 1980, and May 3, 1982, the Salina City Commission passed the rezoning ordinances which are the subject of this case. On October 24, 1983, plaintiffs filed this declaratory judgment action challenging the legality of the passage of the ordinances. Plaintiffs complain that ordinance 80-8810 was not passed by the three-fourths majority required by K.S.A. 12-708 (a protest petition had been filed) and that ordinance 81-8888 was invalidly passed because it had not been submitted to the chief engineer of the Division of Water Resources. (The tract of land in question is within a flood plain designated by a flood insurance study conducted on behalf of the Federal Emergency Management Agency but not within the flood plain shown on the maps adopted by the City of Salina.) On December 13, 1983, the Saline District Court dismissed the case on the ground that it had not been timely filed under K.S.A. 12-712. Plaintiffs appeal.

Plaintiffs argue that K.S.A. 12-712 applies only to challenges to the "reasonableness" of zoning decisions passed by a city gov-

erning body. They contend that their challenge to the ordinances is on the ground that the ordinances were not passed in accordance with law and therefore their challenge comes under the provisions of K.S.A. 60-1701, which provide for declaratory judgments in controversies involving the validity of statutes, ordinances and other government regulations. If K.S.A. 60-1701 applies to their case, plaintiffs' suit was timely filed.

In *Koppel v. City of Fairway*, 189 Kan. 710, 371 P.2d 113 (1962), an action was filed under K.S.A. 12-712 to determine the reasonableness of a rezoning ordinance which was passed on a five to three vote. The contention on appeal was that the city commission had improperly ignored the protest of certain adjacent landowners because they were not residents of the city and passed the ordinance on less than the super-majority required by K.S.A. 12-708. The supreme court found that the protest was valid, even though some of the protesters were residents of a neighboring city. 189 Kan. at 713-14. The court then ruled that the suit was properly brought under K.S.A. 12-712 and affirmed the trial court's overruling of the defendant city's demurrer to plaintiff's petition. 189 Kan. at 715. The question in that case clearly related to the validity of the enactment of the ordinance. The supreme court nevertheless ruled that the challenge was cognizable under K.S.A. 12-712 which is couched in terms of reasonableness. The court was clearly aware of the distinction between "unreasonableness" and "invalid enactment" because Justice Fatzer pointed it out in his dissent. 189 Kan. at 716. That the majority declined to draw the distinction urged by the dissenter shows that the intent of the majority was for "reasonableness" to encompass questions of unlawful enactment.

A more recent case, *Amerine v. Board of Jefferson County Comm'rs*, 7 Kan. App. 2d 491, 644 P.2d 477 (1982), provides further support for the position that 12-712 authorizes challenges to the lawfulness of an ordinance's enactment. In that case, the county commission had issued a conditional use permit for the operation of a sanitary landfill without the approval of the planning commission. The commission's own regulations required the concurrence of the planning commission for such actions to be valid. This court conceded that the act was probably unlawful but denied any relief to the complaining landowners because they had failed to take an appeal within thirty days under K.S.A.

19-223 or 19-2926. 7 Kan. App. 2d at 493. K.S.A. 19-2926 is identical in all relevant respects to 12-712 except that it applies to actions of county commissions instead of to acts of city commissions. Without drawing any distinction between the "reasonableness" and the "validity" of a zoning ordinance, this court applied K.S.A. 19-2926 to a case involving a challenge to the validity of an ordinance.

Thus the validity of enactment of a zoning ordinance can be challenged in an action under K.S.A. 12-712. The question whether K.S.A. 60-1701 is also available for such a challenge, however, remains.

When the district court has appellate jurisdiction pursuant to statute to review an act of an administrative board, the court lacks jurisdiction of an independent equitable action challenging that act. *Thompson v. Amis,* 208 Kan. 658, 662, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972). This court recently elaborated on this and related rules in *Scott v. U.S.D. No. 377,* 7 Kan. App. 2d 82, 638 P.2d 941 (1981):

> "The Kansas courts have no inherent *appellate* jurisdiction over the official acts of administrative officials or boards except where the legislature has made some statutory provision for judicial review. However, if such officials or boards act beyond the scope of their powers, and no appeal is provided for, relief can always be sought through such *equitable* remedies as quo warranto, mandamus, or injunction. *Brinson v. School District,* 223 Kan. 465, Syl. ¶¶ 2, 3, 576 P.2d 602 (1978); *State, ex rel., v. Unified School District,* 218 Kan. 47, 50, 542 P.2d 664 (1975). Consistent with this rule, it has been held that if a court has no appellate jurisdiction over administrative decisions, then it has equitable jurisdiction to determine whether the administrative acts were illegal, fraudulent, or oppressive. Equally, if a court has appellate jurisdiction, then it has no jurisdiction in an independent equitable action to examine alleged errors of the Board. *Thompson v. Amis,* 208 Kan. 658, 661-62, 493 P.2d 1259, *cert. denied* 409 U.S. 847 (1972)." 7 Kan. App. 2d at 86.

The statutes providing for review by the district courts of decisions of the various zoning authorities do not specifically denominate the review as an appeal except in the heading provided by the revisor of statutes. See K.S.A. 12-712, 19-2913, 19-2926. In *Bolser v. Zoning Board for Aubry Township,* 228 Kan. 6, 612 P.2d 563 (1980), however, the supreme court construed 19-2913 to constitute an appeal provision. It reasoned that zoning disputes are "considered quasi-judicial decisions which are subject to judicial review under the same rules applicable to appeals from decisions of administrative agencies while operat-

ing in a quasi-judicial capacity." 228 Kan. at 12. Also, "K.S.A. 19-2913 is a reaffirmation of the pre-existing right to judicial review by appeal, contained in K.S.A. 19-223 and expanded to include all zoning acts and regulations, with reasonableness being specifically set forth as the test to be applied. K.S.A. 19-2913, accordingly, does not create an independent cause of action." 228 Kan. at 14.

Under *Bolser*, all three of the statutes providing for review of zoning decisions, including 12-712, confer appellate jurisdiction upon the district courts. Under *Koppel* and *Amerine*, the right to appeal the reasonableness of a zoning ordinance under K.S.A. 12-712 includes the right to seek review of the lawfulness of the ordinance's enactment. In cases such as the one before us, therefore, there is a statutory avenue of appeal and under *Thompson* the district court has no jurisdiction to hear a collateral attack such as this declaratory judgment action.

The plaintiffs' only remedy was to file for review under 12-712. They did not do so within the thirty-day time limit and now they are barred. The trial court did not err in dismissing plaintiffs' action.

Affirmed.