No. 57,806

SPRINT PRINT, INC., A Kansas Corporation, and BEAR & BEAR ASSOCIATES, a Partnership, *Appellants,* v. THE CITY OF OVERLAND PARK, KANSAS, *Appellee.*

(708 P.2d 210)

Opinion filed October 25, 1985.

*J. Larry Louk,* of McDonald, Dykes, Christlieb, Lightner & Preston, of Overland Park, argued the cause, and *Gregory J. Pappas,* of the same firm, was with him on the briefs for appellants.

*Henry R. Cox,* assistant city attorney, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a declaratory judgment action under K.S.A. 12-712 challenging the reasonableness of Overland Park's denial of an application for a special use permit. The district court dismissed the action for lack of jurisdiction. This appeal followed.

Appellant, Bear and Bear Associates, owns the Cloverleaf Office Complex in Overland Park, Kansas. Appellant, Sprint Print, Inc., leases office space in one of the Cloverleaf buildings and operates a copy and printing shop.

The building in which Sprint Print operates its business is zoned C-O Office Building District. Chapter 18.20 of the Overland Park Municipal Code lists the allowed uses of property within the C-O Office Building District. In May or June of 1984, Sprint Print was served with a 90-day notice to cease operations on the theory its use of the property was unauthorized under the zoning ordinance.

An application was filed by Bear and Bear Associates pursuant to Overland Park Municipal Code Chapter 18.36 (Special Uses), requesting a special use permit to authorize Sprint Print to continue its operation.

The City Planning Commission recommended denial of the application. On September 10, 1984, the Planning Commission's recommendation was approved by the city council and the permit was denied. The following day, Sprint Print received a second notice to cease operations.

Within 30 days after the denial of the application, the appellants filed an action, pursuant to K.S.A. 12-712, in Johnson County District Court seeking declaratory and injunctive relief. They sought to have the City's denial of their application for a special use permit declared unreasonable and to enjoin the City from enforcing its notice to cease operations served on Sprint Print.

The City then filed a motion to dismiss for lack of subject matter jurisdiction pursuant to K.S.A. 60-212(b)(1). The City argued that a special use permit is not zoning or rezoning and thus is not subject to K.S.A. 12-712. According to the City, if an appellate procedure existed it would be pursuant to K.S.A. 1984 Supp. 60-2101(d).

The district court determined that the filing of a K.S.A. 12-712 appeal of the denial of a special use permit did not confer subject matter jurisdiction on the court and dismissed the action.

The sole issue on appeal is whether K.S.A. 12-712 is the proper method of appeal from a denial of a special use permit.

Appellants contend the proper means of appeal from the City's denial of a special use permit is pursuant to K.S.A 12-712. The statute provides:

"Any ordinance or regulation or amendment thereto provided for or authorized by this act shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance, regulation or amendment thereto determined by bringing an action against the governing body of the city within thirty days after the making of a decision on a zoning ordinance or regulation, or amendment thereto, by such governing body. Such action shall be brought in the district court of the county in which such city is situated."

The City argues K.S.A. 12-712 by its terms applies only to appeals from "any ordinance, regulation or amendment" and that a special use permit does not fall within those terms.

Let us examine what we have previously said about jurisdiction under K.S.A. 12-712 and its counterpart statutes for counties and townships. In *Bolser v. Zoning Board for Aubry Township,* 228 Kan. 6, 9, 612 P.2d 563 (1980), we noted that K.S.A. 19-2913,

K.S.A. 19-2926 and K.S.A. 12-712, applicable to zoning acts of townships, counties and cities, respectively, are virtually identical and have been the vehicles of many appeals to this court.

K.S.A. 19-2926 provides:

"Any and all acts and regulations or amendments thereto provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act, regulation or amendment thereto determined by bringing an action against the board of county commissioners within thirty days after the making of a decision on a zoning regulation, or amendment thereto. Such action shall be brought in the district court of the county."

K.S.A. 19-2913 states:

"Any and all acts and regulations or amendments thereto provided for or authorized by this act shall be reasonable and any person having an interest in property affected may have the reasonableness of any such act, regulation or amendment thereto determined by bringing an action against the board of county commissioners within thirty days after the making of a decision on a zoning regulation, or amendment thereto. Such action shall be brought in the district court in the county in which any such township is situated."

While we have not considered the specific issue now before us, appellants maintain we have impliedly determined K.S.A. 12-712 is the proper appellate procedure for reviewing the reasonableness of a denial of a special use permit. In support of their contentions, appellants cite a number of cases in which an appeal from a denial or grant of a special use permit was brought pursuant to K.S.A. 12-712, K.S.A. 19-2926 or K.S.A. 19-2913.

The most recent of these cases, *Daniels v. Board of Kansas City Comm'rs*, 236 Kan. 578, 693 P.2d 1170 (1985), involved an appeal to the district court from a decision of the Board of City Commissioners. The action was filed by a group of landowners who opposed the Commission's granting of a special use permit for operation of a sanitary landfill. The court noted that the action was brought pursuant to K.S.A. 12-712 to determine the validity and reasonableness of the Board's resolution granting the special use permit. 236 Kan. at 585.

Appellants also rely on *Gaslight Villa, Inc. v. City of Lansing*, 213 Kan. 862, 518 P.2d 410 (1974). There, the governing body of the City of Lansing denied plaintiff's application for a special permit to construct and operate a mobile home park at a specified location within the city. The court, at page 864, observed that the action was brought pursuant to K.S.A. 12-712 in order to attack

the alleged unreasonable action of the city governing body in refusing to issue the special permit.

In *Gaslight Villa* the court relied on the case of *Creten v. Board of County Commissioners,* 204 Kan. 782, 466 P.2d 263 (1970). *Creten,* an action brought pursuant to K.S.A. 19-2926, involved an appeal from the County Commission's denial of an application for a special permit to construct and operate a mobile home park. The court in *Creten,* although recognizing a distinction between a "rezoning" and a "special permit," held:

"The Wyandotte County zoning regulations adopted by the Board of County Commissioners have a provision that requires a 'special permit' for the operation of an auto truck park, junk yard or a 'mobile home park.' While this case involves only the issuance of a 'special permit' and not the rezoning of land, the *same rules of law apply in reviewing the administrative proceeding.*" (Emphasis added.) p. 783.

We observed that such a review is conducted pursuant to K.S.A. 19-2926 when we noted at page 785 that the action in the district court was filed under the provisions of K.S.A. 19-2926 for the purpose of determining the reasonableness of the Board's action.

Finally, in *Bolser v. Zoning Board for Aubry Township,* 228 Kan. 6, Justice McFarland, speaking for the court, considered the purpose of K.S.A. 19-2913 and concluded:

"K.S.A. 19-2913, K.S.A. 19-2926, and K.S.A. 12-712, applicable to zoning acts of townships, counties, and cities, respectively, are virtually identical and, over the years, have been the vehicles for many appeals to this court." p. 9.

"[T]he purpose of K.S.A. 19-2913 *(and comparable provisions of other previously referred-to zoning acts)* was to assure the availability of judicial review for reasonableness of *all* zoning actions taken by a board of county commissioners, whether decisions, acts, or regulations. The inclusion of such provisions was intended to assuage citizen concerns by the assurance that unreasonable zoning could be judicially reviewed and corrected." p. 14. (Emphasis added.)

By the parenthetical reference to "comparable provisions of other previously referred-to zoning acts," the court was referring to K.S.A. 12-712 and K.S.A. 19-2926, as previously mentioned. Therefore, applying the above analysis to the present action, it is obvious judicial review for reasonableness pursuant to K.S.A. 12-712 should be available for *all* zoning actions taken by a city, including special use permits.

The City contends that while the court in the foregoing cases noted the actions were brought pursuant to K.S.A. 12-712 or

K.S.A. 19-2926, it did not specifically address the jurisdictional implications of that statute.

While it is true we have not previously considered the specific jurisdictional issue presently before us, we are not precluded from doing so now. No conclusions need be drawn from our previous lack of comment on the jurisdictional implications of K.S.A. 12-712 since we hold today it is a proper statute under which to seek review of a city's denial of a special use permit.

The City relies on the holding of this court in *Weeks v. City of Bonner Springs,* 213 Kan. 622, 518 P.2d 427 (1974), for its proposition that a denial of a special use permit is not appealable pursuant to K.S.A. 12-712.

In *Weeks,* the appellants challenged the reasonableness of the City's approval of a special use permit on the basis that the City did not follow the zoning procedures as required by K.S.A. 12-708. We held:

"The fallacy in appellants' position is that the city council's authorization of Stith's office in a residential area was the granting of a special permit — an occupancy permit — specifically authorized by the ordinance. This is not an amendment, modification, revision, or change of any provision of the zoning ordinance demanding adherence to the procedural requirements of either the ordinance itself or K.S.A. 1973 Supp. 12-708." p. 631.

*Weeks* does not pertain to the issue in this case and is therefore not authority for ruling K.S.A. 12-712 inapplicable to special use permits.

Finally, it is argued K.S.A. 19-2913 and K.S.A. 19-2926 are couched in broad enough language to provide for appellate review of the reasonableness of township and county actions on special use permits, while K.S.A. 12-712 is more restrictive and thus does not permit such review. This argument refers to the opening sentences in the statutes. K.S.A. 19-2913 and K.S.A. 19-2926 are identical and provide for appellate review of "any and all [zoning] acts and regulations or amendments thereto." K.S.A. 12-712 provides for appellate review of "any [zoning] ordinance or regulation or amendment thereto."

Such a narrow construction of K.S.A. 12-712 ignores the legislative scheme for appellate review of the reasonableness of all actions by municipal bodies on zoning applications and our conclusion in *Bolser* that the purpose of K.S.A. 19-2926, K.S.A. 19-2913 and K.S.A. 12-712 is to insure the availability of appellate review for *all* zoning decisions. To construe K.S.A. 12-712, applicable to cities, as different from the other two statutes

destroys this scheme. We construe the term "regulation" in K.S.A. 12-712 to include actions of cities on special use permit applications. Thus, following the authority of *Bolser* and *Daniels*, we hold K.S.A. 12-712 provides the proper procedure for obtaining appellate review of the City's action here in denying a special use permit.

The judgment of the trial court is reversed and this case is remanded for further proceedings consistent with this decision.

McFARLAND, J., dissenting: I disagree with the majority's conclusion that "K.S.A. 12-712 provides the appropriate means of appellate review of a city's action on an application for a special use permit."

As the author of *Bolser v. Zoning Board for Aubry Township*, 228 Kan. 6, 612 P.2d 563 (1980), I believe the majority opinion has cited a portion of it out of context as support for a proposition not encompassed in the *Bolser* opinion. *Bolser* involved a challenge to a township zoning board's *rezoning* of plaintiff's land. The issue was whether plaintiff had 30 days in which to file an action in the district court under K.S.A. 19-2913 (as held by the trial court) or five years in which to bring the action (as held by the Court of Appeals at 4 Kan. App. 2d 288, 605 P.2d 156 [1980]). As pointed out in the *Bolser* opinion, the legislature's response to the Court of Appeals' opinion was the speedy amendment of various zoning statutes to establish the 30-day time limit. In *Bolser*, we pointed out that the term "zoning appeals" in our case law had evolved to include original actions as well as appeals. It was further pointed out that the various statutes dealing with zoning that permitted judicial review of zoning acts or ordinances were intended to assure the public that unreasonable *zoning* could be judicially reviewed and corrected.

For convenience K.S.A. 12-712 is iterated at this point as follows:

"Any ordinance or regulation or amendment thereto *provided for or authorized by this act* shall be reasonable, and any taxpayer or any other person having an interest in property affected, may have the reasonableness of any ordinance, regulation or amendment thereto determined by bringing an action against the governing body of the city within thirty days after the making of *a decision on a zoning ordinance or regulation, or amendment thereto*, by such governing body. Such action shall be brought in the district court of the county in which such city is situated." (Emphasis supplied.)

The majority opinion in the case before us improperly lumps

denial of a special use permit into the general category of zoning ordinances, regulations or amendments thereto reviewable under K.S.A. 12-712. The journal entry reflecting the trial court's dismissal of the action is quite brief but clearly follows the rationale expressed in the defendant city's supplemental memorandum in support of its motion to dismiss. The pertinent portions of the memorandum are set forth as follows:

"The City contends that the Court lacks subject matter jurisdiction to entertain this case as an original action under K.S.A. 12-712. That statute is jurisdictional and allows an original case to be brought in district court on zoning and rezoning issues. Special use permits are not zonings or rezonings and the only possible route an aggrieved party could have would be pursuant to the omnibus appeal statute at K.S.A. 60-2101(d).

"Confusion initially arises from the language in *Gaslight Villa, Inc. v. City of Lansing*, 213 Kan. 862 (1974). In *Gaslight*, as a condition to allowing a mobile home park, the property owner was required to obtain a special use permit. That permit was denied and the property owner filed an action in the district court under K.S.A. 12-712, whereby, the court reversed the governing body. On appeal to the Kansas Supreme Court, the district court's decision was reversed on the basis that it substituted its judgment for that of the governing body which is inappropriate when the function of the court was only to determine whether the governing body's decision was 'reasonable.' Within the opinion, the Court points out that the action was brought pursuant to K.S.A. 12-712; however, at no time does the Court address the jurisdictional implications of that statute, but only uses it to discuss the parameters of the 'reasonableness standard' as it applies to decisions by a governing body. Unfortunately, the inference has been drawn that 12-712 is the appropriate statute to use in filing a challenge to a denial of a special use permit.

"Ironically enough, one does not have to look far to start to straighten out the issue. Within the same volume of Kansas Reports, in a different case, the Kansas Supreme Court states:

'The fallacy in appellants' position is that the city council's authorization of Stith's office in a residential area was the granting of a special permit—an occupancy permit—specifically authorized by the ordinance. This is not an amendment, modification, revision or change of any provision of the zoning ordinance demanding adherence to the procedural requirements of either the ordinance itself or K.S.A. 1973 Supp. 12-708.'

*Weeks v. City of Bonner Springs*, 213 Kan. 622, 631 (1974). In acknowledging that special permits are not subject to the zoning statutes, the Court goes on to specifically state that special permits do not constitute amendments or changes to zoning ordinances. In *Weeks* a chiropractor sought a special permit in the form of an occupational permit to conduct his practice in a residential zoned area. Several proceedings were held and eventually the permit was granted; however, a group of protesting neighbors filed an injunctive action in the district court based upon claims of procedural deficiencies, and unlawful application of city ordinances. The court determined that it had subject matter jurisdiction *over the*

*legal issues* raised and held that the city acted within its authority to grant the permit. (See p. 626.)

"The neighbors, in *Weeks,* contended that K.S.A. 12-708, zoning procedures must be adhered to, whereby the Supreme Court clearly pointed out that a special permit is not subject to the zoning statutes. (*Id.* at p. 631.) At all times, of course, the Court recognized that the test of 'reasonableness' applied whether the case was an original action under K.S.A. 12-712, on appeal, or brought via an injunctive action. The Court went on to state that it was not ruling on the administrative procedures followed. (*Id.* at pp. 633-4.)

"More recently, in 1981, the Kansas Court of Appeals stated, '[T]he Kansas Supreme Court has held that the procedures attendant to obtaining a zoning amendment are inapplicable to special use permits.' *Martin Marietta Aggregates v. Board of Leavenworth County Comm'rs.,* 5 Kan. App. 2d 774, 779, petition for rev. den. 229 Kan. 670 (1981) . . . .

. . . .
". . . Thus, the statute clearly only applies to matters covered under the zoning and rezoning procedures, whereby, the Kansas Courts have equally as clearly stated that special use permits are not covered by these statutes."

I concur with the result reached by the trial court. Special use permits are not zoning ordinances or amendments thereto and K.S.A. 12-712 is inapplicable thereto. If judicial review were to be had over the City's denial of the special use permit, K.S.A. 1984 Supp. 60-2101(d) was the only vehicle available. I would affirm the trial court.

LOCKETT, J., joins in the foregoing dissent.