Blaine Finch Franklin County Counselor 109 West Second Street P.O. Box 643 Ottawa, Kansas 66067-0643
Dear Mr. Finch:
As Franklin County Counselor, you request our opinion regarding whether K.S.A. 12-757(f)(1), which allows for the filing of a protest petition to a proposed zoning amendment, is limited to one or more filings.
In order to answer your query, it is necessary to understand the rezoning process for a specific property. When an applicant requests a zoning amendment, the amendment is initially considered by the planning commission, after notice and a public hearing.[1] At the conclusion of the public hearing, which may be adjourned from time to time,[2] the planning commission votes to recommend to the governing body approval or denial of the amendment.[3] The city or county governing body then has three options: (1) adopt the recommendation; (2) override the commission's recommendation by a 2/3 majority vote; or (3) return the recommendation to the planning commission specifying the basis for its failure to approve or disapprove.[4] Upon return of the recommendation by the governing body, the planning commission can either: (1) resubmit its original recommendation; or (2) submit a new and amended recommendation.[5] Upon receipt of the recommendation, the governing body, by simple majority vote, may: (1) adopt the recommendation; (2) amend the recommendation and adopt it, as amended; or (3) take no action.[6]
K.S.A. 12-757(f)(1) allows the filing of a protest petition within the following parameters:
 "Whether or not the planning commission approves or disapproves a zoning amendment, if a protest petition against such amendment is filed in the office of the city clerk or the county clerk within 14 days after the date of the conclusion of the public hearing pursuant to the publication notice, signed by the owners of record of 20% or more of any real property proposed to be rezoned or by the owners of record of 20% or more of the total real property within the area required to be notified by this act of the proposed rezoning of a specific property . . . the ordinance or resolution adopting such amendment shall not be passed except by at least a 3/4 vote of all of the members of the governing body." (Emphasis added).
The purpose of a protest petition is to confer a measure of added protection against unwanted or ill-considered change upon those property owners who would be most affected by it.[7] Your concern is a possible legal challenge in a situation where an individual opposing a rezoning application forgoes the opportunity to file a protest and require a super-majority vote because the planning commission initially recommends denial of the application. However, upon submission to the governing body, the latter returns the recommendation to the planning commission with directions for further study. After consideration, the planning commission then submits an amended recommendation to grant the rezoning application, which the governing body, by a simple majority, votes to accept.
While it is possible for a rezoning amendment to be returned to a planning commission and then resubmitted to the governing body, K.S.A.12-757(f)(1) provides for only one opportunity to file a protest petition which must be exercised within 14 days after the conclusion of the public hearing. The only public hearing required by law in a rezoning matter is the hearing before the planning commission for which notice is given pursuant to K.S.A. 12-756(b) and which may be adjourned "from time to time."[8] The 14 day period commences upon the conclusion of that hearing regardless whether the planning commission has approved or disapproved the zoning amendment.[9] Therefore, it is important for property owners objecting to a rezoning application to file their protest in a timely fashion regardless whether the planning commission recommends denial or approval.
The issue of whether a property owner who has failed to file a protest has a legally viable claim in a situation where the governing body ultimately grants a rezoning application after initially denying it has not been addressed by the Kansas appellate courts. However, there are cases that shed some light on the issue.
Before a constitutional due process claim is cognizable, there must first be a determination that a constitutionally protected property interest exists.[10] In Houston v. Board of City Com'rs of City ofWichita,[11] the Court, in reviewing a city's decision to rezone an area, concluded that property owners do not have a constitutionally vested right in zoning regulations applying to their property; and that all property owners hold their property subject to the right of the governing body to change the zoning provided the latter does not do so arbitrarily or capriciously.[12]
The 10th Circuit Court of Appeals applied the Houston holding in a situation where unsuccessful applicants sued the City of Lawrence on procedural and substantive due process grounds for denying their rezoning application thereby frustrating their plans to build a suburban shopping mall.[13] On the procedural due process count, the plaintiffs alleged that the governing body had prejudged the merits of the application and were, therefore, incapable of being impartial. On the substantive due process count, they alleged that the findings of fact were not supported by substantial evidence and, thus, the denial was arbitrary, capricious, and unreasonable.
In addressing the due process claims, the Court had to determine initially whether there is a constitutionally protected property interest in the rezoning process. Citing Houston, the Court concluded that there is no such right:
 "The interest at stake . . . is plaintiff's application . . . to have their property rezoned to C-4. The Kansas Supreme Court has held that a property owner possesses no vested right in an existing zoning classification. (Citation omitted). Thus, it is equally clear that a property owner has no claim of entitlement or vested right in a reclassification of their property. [P]laintiffs must have a legitimate claim of entitlement to a property interest. A mere abstract need or desire is insufficient. (Citations omitted)."[14]
Given these holdings, it may be difficult to mount a due process challenge for a property owner opposing a rezoning change who failed to file a timely protest under a statute that clearly states that the protest must be filed within a time frame that is not dependent upon a planning commission's decision.[15]
On the other hand, the Kansas Supreme Court has recognized that the Constitution requires procedural fairness in zoning actions where one specific tract of land is being considered [as opposed to an entire area] and the zoning authority shifts from legislative to quasi-judicial consideration.[16] As an aggrieved property owner, he or she could challenge the validity of a zoning ordinance pursuant to K.S.A. 12-760.[17] Further, the preceding analysis assumes that the proposed zoning amendment is actually the same proposal from beginning to end. If the proposed amendment changes significantly in the process, we believe the Court would find that it is in fact a new proposal, in which case the process would begin again. The due process provisions in the statute cannot be circumvented by using one proposed amendment, after it has been noticed up and the time for objections has passed, as a vehicle for a different proposed amendment, especially if the notice would not have been sufficient for purposes of the changed amendment.[18]
Finally, while it is our opinion that K.S.A. 12-757(f)(1) provides for only one protest petition for each proposed zoning amendment, a governing body or a planning commission is not precluded from providing notice and additional opportunities for comment or objection.[19]
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
PK:JLM:jm
[1] K.S.A. 12-757(b).
[2] K.S.A. 12-757(d); K.S.A. 12-756(b).
[3] K.S.A. 12-757(d).
[4] Id.
[5] Id.
[6] Id.
[7] McQuillan Mun. Corp. § 25.248 (3rd Ed). See Koppel v. City ofFairway, 189 Kan. 710 (1962).
[8] K.S.A. 12-756(b).
[9] K.S.A. 12-757(f)(1).
[10] Jacobs, Visconsi Jacobs Co. v. City of Lawrence,715 F.Supp. 1000, 1004, affd. 927 F.2d. 1111 (10th Cir. 1991).
[11] 218 Kan. 323 (1975).
[12] Houston v. Board of City Com'rs of City of Wichita, 218 Kan. 323,328 (1975).
[13] Jacobs, Visconsi Jacobs Co. v. City of Lawrence,715 F. Supp. 1000, affd. 927 F.2d 1111 (10th Cir. 1991).
[14] Id. at 1004.
[15] It may also be difficult to challenge a rezoning request on a Fifth Amendment "taking" argument as the United States Supreme Court has concluded that a regulation does not amount to a taking merely because it significantly diminishes the value of property. Penn Central Transp. Co.v. New York City, 438 U.S. 104, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1978).
[16] McPherson Landfill, Inc. v. Board of County Com'rs of ShawneeCounty, 274 Kan. 303 (2002).
[17] "Within 30 days of the final decision . . . any person aggrieved thereby may maintain an action in the district court . . . to determine the reasonableness of such final decision." St. John v. City of Salina,9 Kan.App.2d 636 (1984) (propriety of protest petition in rezoning matter is subject to review by district court).
[18] See K.S.A. 12-757(b).
[19] See Arkenberg v. City of Topeka, 197 Kan. 731 (1966) (governing body returns rezoning application to planning commission for further study. Applicant amends application; planning commission provides notice of amended application to property owners and holds a second hearing.)